*A. W. Fite, solicitor-general,* by *A. S. Johnson,* contra.

---

## BUCHANAN *v.* THE STATE.

*Atkinson, J.*—1. If, on the trial of an indictment for assault and battery, it is manifest that the defense relied upon was the use by the person assaulted to the accused of opprobrious words or abusive language, immediately before the beating occurred, it is the duty of the court, even without a request so to do, to give in charge to the jury the provisions of section 103 of the Penal Code; and unless the record shows to the contrary, it will be presumed that this was done.

2. It will not, however, be presumed that the proper instructions upon this subject were not given to the jury merely because the trial judge refused to give in charge a request which, though probably intended to invoke in behalf of the accused the law embraced in the above cited section, was not itself couched in apt or appropriate terms.

:3. There was no error on such trial in refusing to charge as fol-
lows: "The law allows one to strike another for the use of
opprobrious words and obscene language to him, leaving it to
the jury to judge whether the beating is in excuse of the provo-
cation used or given; that is, whether the beating is excessive
is for determination of the jury." A failure of the court "to
give such instruction" as that embraced in the language above
quoted "anywhere in the general charge," was not erroneous,
and does not raise any presumption of a failure to give proper
instructions in this connection.

-4. It is bad practice to allow a member of a jury who had retired
to consider of their verdict in a criminal case, to be withdrawn
for the purpose of aiding the solicitor-general in striking a jury
in another criminal case in which the juror was the prosecutor;
but where this was done within the knowledge of counsel for
the accused in the case first mentioned, and he did not then
and there move for a mistrial or otherwise seek a correction
of the irregularity, he cannot, after taking the chances of an
acquittal, complain of such irregularity. The question whether
or not the withdrawal of the juror would, under the circum-
stances of the present case, have been cause for a mistrial, is
not presented for determination.        *Judgment affirmed.*

Submitted October 8,—Decided October 19, 1896.

Indictment for assault and battery. Before Judge Mil-
:ner. Catoosa superior court. February term, 1895.

Buchanan was indicted for assaulting and beating
Culler; and after conviction, excepted to the refusal of a
new trial. It appears, that Buchanan went with Hooker to
Culler's house to see him about his cows getting into a field
which Buchanan had subrented to Hooker. While there
Mrs. Culler accused Buchanan of hurting her cow; which
he denied, and Hooker admitted having done it by throw-
ing a rock at the animal. Buchanan, Hooker and Culler
then started to go to the field in question, to look at the
fence enclosing it; and on the way Culler began to talk
about a cow which he had long previously sold to Buch-
anan, and for which he had never received all the purchase
price. An excited conversation on this subject ensued,
during which Buchanan several times averred that this cow
was roguish and a fence breaker, and said he could prove it

by twenty-five men. Thereupon, according to Culler's testimony: "I told him, whoever said that she was either roguish or a fence breaker when I let him have her, and that whoever said she got over my fence more than twice, told a lie. He then hit me with his fist, and said, 'It's a lie, it's a lie, it's a lie,' as he struck me. . . I am an old man; . . defendant is a young man." Hooker testified, that Buchanan did not hit Culler with his fist, but with the back of his fingers, his hand being open.

The motion for a new trial alleges, in addition to the general grounds, that the court erred in refusing to give to the jury, on request of defendant, the instruction set forth in the third head-note; and failed to give such instruction anywhere in the general charge.

Also, error in permitting the solicitor-general, without the consent of defendant or his counsel, to withdraw Willbanks, one of the jurors trying this case, from the jury-room after they had retired to make their verdict, to assist the solicitor-general in striking a jury in the case of The State v. James Phipps, charged with burglary, in which case Willbanks was prosecutor. This ground is supported by the affidavits of defendant and his counsel. The State presented affidavits by Willbanks and the solicitor-general, showing that after the jury in this case had retired the Phipps case was called for trial, and the solicitor-general stated to the court, in the presence and hearing of Col. Mann (who was counsel for the defence in both of the cases), that he wanted Willbanks, the prosecutor, to assist in striking the jury; whereupon the court instructed the bailiff in charge of the jury to tell Willbanks to come into court for this purpose. He came, and after being so engaged for two or three minutes, Col. Mann stated to the court that he did not want to be considered as consenting to Willbanks' absence from the jury The solicitor-general stated that he had understood Col. Mann so to consent, but requested Willbanks to return to the jury-room, which he-

did immediately; and after considerable deliberation the jury agreed upon a verdict of guilty. During his absence from the jury-room nothing was said by or to him about the Buchanan case.

*W. E. Mann*, for plaintiff in error.

*A. W. Fite* solicitor-general, by *A. S. Johnson*, contra.