## 11889.  KNIGHT v. THE STATE.

BROYLES, C. J.   1. The evidence amply authorized the defendant's convic-
tion, and there is no merit in either ground of the amendment to the
motion for a new trial.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Accusation of possessing liquor; from city court of Monroe —
Judge Stone.   September 22, 1920.

Coley Knight was convicted under an accusation which charged
him with having had possession of alcoholic and spirituous liquors,
etc.   The grounds of his motion for a new trial, besides the usual
general grounds, were as follows: " 4.  Because the court committed
error in refusing to allow defendant to prove, by the witnesses
present and offered, that prior to the time of the alleged crime the
main witness, J. J. Ammons, had not only been drinking, but had
been drunk.   Defendant claims that this evidence was admissible,
under the circumstances of this case, as shedding light on the
question of the habits of said witness, his animus in the case, and
his inclination to drink or try to drink from the jug in question."
" 5.  Because the court refused to rule out of evidence all the dis-
coveries made by the said officer Ammons after the arrest was
made, the evidence showing that the arrest was made without any
warrant, this act, as defendant claims, without any authority of
law.   The discovery claimed by the witness to be that the jug con-
tained corn whisky, etc."

J. J. Ammons, a policeman, testified, that in the defendant's
automobile, in which the defendant was sitting, he saw a glass
gallon jug in a pasteboard box, the jug sticking up above the box,
and, after getting into the car, he pulled the stopper out of the
jug and smelled of it, and it smelled like corn whisky; that when
he went to the car he saw at once that the jug contained corn
whisky; he could tell corn whisky by sight through a glass jar
or jug.  The witness further testified: " I put the stopper back
after smelling of it, and told Mr. Knight that I would have to
carry him to town for having whisky. . . He drove towards
High Shoals instead of town. . . In a patch of weeds Mr. Knight
stopped the car. . . I stepped out of the car, and when Mr.
Knight stepped out he grabbed the jug and slammed it against

the car and broke it. . . He said that he would rather be in hell than have me carry him to town with a gallon of liquor. . . I did not have any warrant for his arrest. I did not have any warrant to search his car for liquors. . . I was not drunk and was not drinking. I drink sometimes, take a drink occasionally." The defendant, in his statement at the trial, said that the glass jug mentioned by Ammons did not contain whisky, but contained denatured alcohol, and that he broke the jug because Ammons was trying to take a drink out of it, insisting that it was corn whisky, although he had told Ammons that it was denatured alcohol and poison; that Ammons had been drinking, and when he was that way nothing could turn him. The defendant contradicted the testimony as to what he had said about " a gallon of liquor." The chief of police testified that the defendant " admitted in the presence of his father that Jim Ammons had caught him with · a gallon of corn liquor," and said that he broke the jug because " he would rather be in hell than brought up town with a gallon of liquor." This was denied in the testimony of the defendant's father. There was other contradictory testimony.

*J. H. Felker,* for plaintiff in error.

*E. M. Roberts, solicitor,* contra.