*J. M. Lang, solicitor-general,* contra.

---

### 15155. FORT *v.* STATE.

LUKE, J. 1. In the absence of a timely written request, the mere fact that opinion evidence was introduced does not require an instruction as to the weight of such evidence.

2. Where, in charging on the prisoner's statement, the court instructs the jury that they may believe it in preference to the sworn testimony, but omits to give in charge a part of the language of the statute, and counsel for the accused fails to call the court's attention to the omission until after verdict, the error, if any, will be held to have been waived. *Wheeless* v. *State*, 92 *Ga.* 19 (2) (18 S. E. 303).

3. In the trial of a misdemeanor case it is not erroneous to fail to charge the jury that the alleged offense is a misdemeanor.

4. In the trial of an indictment for assault and battery it is not erroneous to fail to charge section 103 of the Penal Code (1910) with reference to opprobrious words and abusive language, where this defense is set up by the prisoner's statement alone, and there is no timely written request for such a charge. Park's Penal Code, § 1036.

(*a*) In *Buchanan* v. *State*, 100 *Ga.* 75 (1) (25 S. E. 843), there was some sworn testimony to support this defense.

5. Where the court properly instructs the jury as to the law of reasonable doubt, the failure to charge the provisions of section 1012 of the Penal Code affords no cause for a new trial. *Skinner* v. *State*, 98 *Ga.* 127 (2) (26 S. E. 475).

6. "In the absence of a timely written request, the failure to charge upon the credibility of witnesses, the mode of impeachment, or the weight that should be given to the testimony of witnesses successfully impeached, will not be reversible error." *Smith* v. *State*, 7 *Ga. App.* 710 (2) (67 S. E. 1048).

7. After verdict it is too late to bring into question for the first time the failure to enter upon the indictment the defendant's waiver of arraignment or his formal plea of not guilty. *Perry* v. *State*, 19 *Ga. App.* 619 (1) (91 S. E. 939).

8. The evidence authorized the verdict, and the court did not err in over-
ruling the defendant's motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 15, 1924.

Accusation of assault and battery; from city court of Baxley—
Judge Speer.   October 15, 1923.

*H. L. Williams,* for plaintiff in error.

*Wade H. Watson, solicitor, H. J. Lawrence,* contra.