22891. TAYLOR v. THE STATE.

SUBMITTED MARCH 8, 1965—DECIDED APRIL 8, 1965.

*Sullivan, Herndon & Smith,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

GRICE, Justice. The denial of a motion for new trial following a conviction of murder is here for review. Bobby Taylor was indicted by the grand jury of Chatham County for the murder of Walter Myers, and upon trial in the superior court of that county was found guilty with a recommendation of mercy. His motion for new trial contains the general as well as five special grounds.

■ The general grounds are without merit since the verdict was amply supported by the evidence. There was testimony from which the jury was authorized to find that the defendant, without provocation or justification, drew a knife and fatally stabbed the deceased.

■ The first special ground, complaining of admission in evidence of testimony as to a threat made against the deceased by the defendant a considerable time prior to the homicide, was expressly abandoned in this court and therefore will not be considered.

■ The second special ground asserts that, for certain specified reasons, the trial court erred in admitting in evidence the defendant's purported confession. However, that statement was admitted without objection by the defendant, and for this reason alone this ground of the motion is without merit. *Hill v. State,* 214 Ga. 794 (1) (107 SE2d 662).

■ Special ground 3 contends that the trial court should have charged on the principle of mutual combat. But the evidence shows no agreement or mutual intention of the deceased and the defendant to fight. Mutual combat was not involved so as to require a charge thereon. *Porter v. State,* 213 Ga. 325 (99 SE2d 110). See also, *Mathis v. State,* 196 Ga. 288 (26 SE2d 606). This ground was properly overruled.

■ Special ground 4 insists that a portion of the charge on the principle of reasonable fears was erroneous because that principle has no connection with the offense of voluntary manslaughter, which was charged simultaneously. The portion of the charge complained of was as follows: "A bare fear of any of these offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man and that the party killing really acted under the influence of those fears and not in a spirit of revenge." This portion was *not* given simultaneously with that as to voluntary manslaughter, as contended. It was given as a part of the charge on justifiable homicide. The language objected to was given immediately after the definition of justifiable homicide and immediately preceding further exposition of that defense. It is the verbatim language of *Code* § 26-1012, which relates to justifiable homicide. This ground of the motion for new trial is without merit.

■ Special ground 5 urges that the following portion of the charge was error: "If the jury should believe that the defendant killed the person in the indictment and in the manner therein set forth, but that at the time of the killing, the deceased was committing or attempting to commit a serious injury on the person of the defendant less than a felony or that the circumstances were such as to justify the fears of a reasonable man that the deceased intended, endeavored or was about to commit a serious personal injury on the person of the defendant less than a felony, or that other equivalent circumstances surrounding the killing were such as to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied, then

in that event, the jury would be authorized to convict the defendant of voluntary manslaughter."

Complaint is made that this portion of the charge tended to confuse and remove from the jury's mind the idea of acquittal even though the defendant was endeavoring to protect himself against an assault by the deceased, and that it erroneously mingled the principle of reasonable fears with the crime of voluntary manslaughter.

This portion of the charge was not subject to this criticism.

In our view, it correctly instructed the jury as to the relationship between reasonable fears of an injury less than a felony and the crime of voluntary manslaughter.

It was in accordance with the rule applied to a similar charge in *Johnson v. State,* 72 Ga. 679 (1), 695. There, this court said: "If the facts and circumstances surrounding the accused were such as to excite the fears of a reasonable man that a joint felonious assault was being made upon him, the verdict should be justifiable homicide; it should be *voluntary manslaughter,* if they were such only as to excite the *fears of a reasonable man* that some bodily harm *less than a felony* was imminent and impending; it should be murder, if the circumstances were not such as to excite the fears of a reasonable man that he was in any serious danger at all." (Emphasis ours.) See also, *Keener v. State,* 18 Ga. 194 (10) (63 AD 269) ; *Battle v. State,* 103 Ga. 53, 60 (29 SE 491).

This charge was not contrary to the holdings of such cases as *Rawls v. State,* 160 Ga. 605 (2) (128 SE 747), and *Booker v. State,* 183 Ga. 822 (4) (190 SE 356), that the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter. Although the doctrine of reasonable fears does not constitute a defense to voluntary manslaughter so as to authorize an acquittal, it does apply in determining whether the homicide was voluntary manslaughter rather than murder. *Johnson v. State,* 72 Ga. 679 (1), supra; *Gresham v. State,* 70 Ga. App. 80 (2) (27 SE2d 463).

This ground of the motion for new trial was not meritorious. Since the denial of the motion shows no error, the judgment is

*Affirmed. All the Justices concur.*