WILLIAM H. KING, Appellant, v. STATE OF DELAWARE, Appellee.

(*July* 23, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*John Biggs, III,* of Bader & Biggs, for the defendant below, appellant.

*Edward J. Sobolewski, Jr.,* Deputy Atty. Gen., for the State, appellee.

Supreme Court of the State of Delaware, No. 1, 1965.

HERRMANN, Justice:

The defendant William H. King was convicted and sentenced in the Superior Court on a charge of attempt to bribe Deputy State Insurance Commissioner Ralph Rago.

The sole question before us is whether the right-to-counsel rule of *Escobedo v. State of Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964) applies to the oral inculpatory statement given by the defendant and admitted in evidence in the trial of this cause.

I.

The dispositive facts, viewed in the light most favorable to the defendant for present purposes, are these:

State Police Trooper Vernon H. Waller went to the home of the defendant one evening in the course of investigating Rago's charge of attempted bribery by the defendant. Indicating that he was making an investigation, but without informing the defendant as to its nature, the

officer asked the defendant to accompany him to troop headquarters to answer some questions. The officer stated "We will be back shortly" and "It won't take too long." The defendant demurred, stating that he and his wife were visiting at the home of a next door neighbor. The officer then asked the defendant some general questions about Ralph Rago and his connection with a certain insurance company, and told the defendant that Rago had accused him of attempted bribery. As a result of the defendant's reluctance to accompany him to troop headquarters, the officer asked the defendant if he were willing to go to the Attorney General's office the following morning to discuss the matter. The defendant agreed to do this. The officer then said "You won't consult an attorney will you?" and the defendant replied that he would not.[1] The officer then said "Come on in and clear this up. I want to ask you some questions. Mr. Veasey [Chief Deputy Attorney General] wants to go over this with you."

The next morning, the defendant voluntarily went to the Attorney General's office and gave Chief Deputy Attorney General Veasey and Trooper Waller the oral, partially incriminatory statement here in issue. Before so doing, the defendant had telephoned an attorney who was familiar with the case and discussed the status of events with him. The attorney did not accompany the defendant to the meeting with Mr. Veasey and Trooper Waller. The defendant testified that Mr. Veasey did not advise him that he had the right to counsel during the questioning; but Mr. Veasey did advise the defendant that he did not have to make a statement. After the statement was given, the defendant left the Attorney General's office and was not arrested until after indictment several weeks later.

## II.

The first facet of the question is whether a retrospective application of the Escobedo case is being sought here. We think not.

---

[1] As indicated above, for present purposes, the facts are stated on the basis of the defendant's testimony. The officer denies the conversation regarding an attorney.

■ A chronology of events is necessary in this connection: The jury trial was held on June 24 and 25, 1963; the original sentence was imposed on February 12, 1964; a first appeal to this court, in which the instant question was not raised, was argued on June 9, 1964. The decision in the Escobedo case was announced on June 22, 1964; this court's decision on the appeal then pending was announced on July 17, 1964 (see *King v. State*, Del., 203 A.2d 74). Thereafter, the defendant began his efforts to avail himself of the rule of the Escobedo case by filing a motion under Superior Court Criminal Rule 35, *Del.C. Ann.*[2]. After a hearing in that proceeding, the Superior Court held that the Escobedo case was not applicable, denied the motion, and on January 8, 1965 reimposed the sentence. This appeal followed.

It thus appears that, at the time of the announcement of the Escobedo decision, this case had not been fully decided; it was still on direct review in this court.

■ The United States Supreme Court has recently held that its analogous decision in *Mapp v. State of Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) is operative in state court convictions which had not become "final" before rendition of that opinion, but does not operate retro-actively upon state court judgments which had become "final" at that time. The Court defined "final" to mean "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in *Mapp v. Ohio*." See *Linkletter v. Walker*, 85 S.Ct. 1731, 1734, f.n. 5 (1965). In this connection, as early as 1801, Chief Justice Marshall in *United States v. Schooner Peggy*, 1 Cranch 103, 2 L.Ed. 49, stated:

"* * * if subsequent to the judgment [in the trial court] and before the decision of the appellate court, a law intervenes and positively changes the rule which governs. * * * the court must decide

---

[2]Superior Court Criminal Rule 35 provides for correction at any time of an illegal sentence imposed in violation of the Federal or State Constitution.

according to existing laws, and if it be necessary to set aside a judgment * * * which cannot be affirmed but in violation of law, the judgment must be set aside."

We conclude that the rule of Escobedo is operative in the instant case because the judgment of conviction herein had not become "final" at the time of the rendition of the Escobedo decision. *Linkletter v. Walker,* supra. Thus, we do not reach the troublesome question, which has given rise to such contrariety of judicial opinion elsewhere, as to whether Escobedo shall have retrospective application. This question remains to be decided by the United States Supreme Court.

We hold that the instant case is within the operation of the Escobedo case if it is otherwise applicable.

### III.

The defendant contends on this appeal that his conviction must be set aside because, under the Escobedo case, he had a constitutional right to counsel during the interrogation under *Del. C.* Ann. Const. Art. 1, Sec. 7, and the Sixth and Fourteenth Amendments to the Federal Constitution, and that the violation of that right rendered inadmissible the incriminatory statement here involved.

In Escobedo, the United States Supreme Court held:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, *the suspect has been taken into police custody,* the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment', *Gideon v.*

*Wainwright,* 372 U.S. [335], at 342, 83 S. Ct. [792], at 795 [9 L. Ed. 2d 799], and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." (Emphasis supplied)

\* \* \*

"\* \* \* We hold only that when the process shifts from investigatory to accusatory—when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer."

Thus, of the several factors stated to be necessary for the application of the Escobedo rule, the combined elements of police accusation and police custody are expressly required. Escobedo was under arrest, handcuffed in a standing position, at police headquarters during the interrogation and elicitation of the statement there involved. The holding of the case must, of course, be considered in the light of the factual circumstances there before the Court.

We do not think that the United States Supreme Court has held that the constitutional right to counsel attaches prior to arrest. The guarantee has been gradually extended by that Court in the trilogy of recent cases—but not that far in our view: In *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), it was held that the right to counsel is guaranteed at trial; in *Massiah v. United States,* 377 U.S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964), it was held that the right to counsel is guaranteed between trial and indictment; and in Escobedo, it was held that the right to counsel is guaranteed between indictment and arrest. But this, we think, is as far as the Supreme Court has gone.

Our conclusion is supported by the fact that of the more than 100 reported federal and state cases in which the Escobedo case has been considered, we find none applying the principle of the case to a pre-arrest stage.

We are not disposed to extend the application of the Escobedo case beyond its clear limits. We hold, therefore, that the constitutional guarantee of assistance of counsel does not attach/prior to arrest.

 The case before us offers no evidence of police custody prior to, or at the time of, the defendant's statement. The defendant went to the Attorney General's office voluntarily after having had an entire night to consider his course of action, and after discussing the situation with an attorney. Since he was not under arrest during the questioning, we hold that his statement does not come within the application of the Escobedo case.

We conclude that the defendant's constitutional right of assistance of counsel was not violated by the admission in evidence of the oral statement here in issue.

This being our view of the matter, we do not reach the question of whether the defendant had intelligently waived his right to counsel or whether he was obliged to request counsel before the Escobedo case becomes applicable. *Cf. United States ex rel. Russo v. State of New Jersey* (3 Cir. 1965)——F. 2d——.

Finding no error, the judgment below is affirmed.