### 41751. HAGGARD v. THE STATE.

NICHOLS, Presiding Judge. 1. Statements made under oath upon the trial of the case being heard are not declarations but testimony. *Crawley v. Selby,* 208 Ga. 530, 536 (67 SE2d 775).
2. "One may be legally convicted of a felony other than treason or perjury where the only evidence directly connecting him

with the offense charged is the testimony of an accomplice, and where the only corroboration is the testimony of other accomplices." *Pope v. State,* 171 Ga. 655 (156 SE 599).

3. " 'It is not error to admit evidence which is objected to as a whole when any part of that objected to is admissible. A party objecting to evidence must specify the portion which is objectionable, and if he fails to point out exactly that portion which is objectionable and move its exclusion he cannot complain that the whole of the evidence objected to, a part of which was admissible, was admitted over his objection. . . . *Gully v. State,* 116 Ga. 527 (2) (42 SE 790).' *Turner v. McKee,* 97 Ga. App. 531, 536 (103 SE2d 658)." *Brantley v. Heller,* 101 Ga. App. 16, 18 (112 SE2d 685).

4. Where a defendant admits his presence at the scene of a crime and knowledge of the commission of the crime, but in the same breath denies his participation in such crime, the statement is not a confession but at most an incriminating admission.

5. Where a defendant makes an incriminating admission, not amounting to a confession, it is error to charge the law on confessions. See *Johnson v. State,* 204 Ga. 528 (50 SE2d 334); *Hobbs v. State,* 206 Ga. 94 (1) (55 SE2d 610). The trial court erred in charging on confessions.

6. The remaining enumerations of error deal with matters which will probably not recur on another trial and which, accordingly, will not be dealt with.

*Case remanded for new trial. Hall and Deen, JJ., concur.*

SUBMITTED JANUARY 5, 1966—DECIDED FEBRUARY 23, 1966.

*Ballard & Thigpen, Troy R. Thigpen,* for appellant.
*Richard Bell, Solicitor General,* for appellee.