**Charles James JARVIS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Nov. 22, 1966.

John E. Messick, of Tunnell & Raysor, Georgetown, for defendant below, appellant.

William Swain Lee, Deputy Atty. Gen., for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The defendant asks us to set aside his conviction of burglary on the ground that the conviction rests upon an inculpatory written statement admitted in evidence in violation of his statutory and constitutional rights.

The dispositive facts are these:

On October 19, 1965, at about 2:00 P.M., the defendant was taken into custody by the police of the town of Selbyville on suspicion of a burglary committed a few days earlier. Later that afternoon, he was turned over to a State police detective who was in charge of the investigation and who took him to the Georgetown State Police Station for interrogation.

A written statement was obtained from the defendant at about 9:00 P.M. Before taking the statement, the police officer warned the defendant that anything he said might be used against him and that he had the right to have an attorney present. The defendant did not request counsel. The police gave no other advice or warning as to constitutional rights. Thereupon, the statement was taken and the defendant was formally charged with the burglary. At the trial before a jury on January 25, 1966, the statement was admitted in evidence over objection.

I.

The defendant first contends that he was detained more than two hours without being "arrested and charged with a crime", in violation of 11 Del.C. § 1902*; that, therefore, the statement was obtained during an illegal detention and was inadmissible against him, citing Rickards v. State, 6 Terry 573, 77 A.2d 199 (1950) and Vorhauer v. State, 212 A.2d 886 (Del.1965).

The reliance upon § 1902 is misplaced. There is no evidence that the defendant was "abroad" on a public street or highway

---

* 11 Del.C. § 1902 provides:
  "§ 1902. Questioning and detaining suspects
    "(a) A peace officer may stop any person abroad who he has reasonable ground to suspect is committing, has committed, or is about to commit a crime, and may demand of him his name, address, business abroad, and where he is going.
    "(b) Any person so questioned who fails to identify himself or explain his

actions to the satisfaction of the officer may be detained and further questioned and investigated.
    "(c) The total period of detention provided for by this section shall not exceed two hours. The detention is not an arrest and shall not be recorded as an arrest in any official record. At the end of the detention the person so detained shall be released or be arrested and charged with a crime."

when taken into custody or that he was questioned as to his "name, address, business abroad, and where he [was] going", or otherwise questioned, before being taken into custody.

In the absence of such showing, § 1902 is inapplicable. On the record before us, the defendant was arrested, not detained. Wilson v. State, 10 Terry 37, 109 A.2d 381 (1954).

## II.

 The defendant also claims that his statement was inadmissible in evidence because he was not warned of his constitutional right to remain silent, relying upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

We have taken the position that the application of the *Escobedo* case should not be extended beyond its clear limits. Parson v. State, 222 A.2d 326 (Del.1966); King v. State, 212 A.2d 722 (Del.1965). Following that policy, we hold that *Escobedo* has no application to the instant case because the defendant here did not request counsel.

We are urged by the defendant to read into *Escobedo* a requirement that the defendant was entitled under the Fifth Amendment to a warning at the police station of a constitutional privilege to remain silent—a privilege separate and apart from any right to counsel to which he was entitled under the Sixth Amendment. The defendant asserts deprivation of that privilege.

We are unable to perceive such separate and distinct privilege on the face of the *Escobedo* case. The constitutional privilege to remain silent was not clearly extended to the police station until Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). (See especially dissenting opinions in *Miranda,* 86 S. Ct. at 1646–1648 and 1655–1657). The *Miranda* case is inapplicable here, however, because the instant case was tried before the date of the *Miranda* decision. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Brown v. State, 221 A.2d 609 (Del.1966).

Accordingly, we find no error in the judgment below. It is affirmed.