## 42360. O'NEAL v. THE STATE.

HALL, Judge. The defendant appeals from her conviction and sentence of 12 months for assault and battery, enumerating as error the trial court's admitting in evidence testimony as to oral confessions or admissions of the defendant, on the ground that they were not shown to be voluntarily made.

1. The trial court, over objection of the defendant's counsel, admitted testimony as to a confession or admission made by

the defendant to a police officer during in-custody interrogation. The evidence does not sustain the defendant's contention that the State failed to show that before making this statement the defendant was warned, in accordance with the United States Constitution, Amendment V (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), that she had a right to remain silent; that any statement she made could and would be used in court against her; that she had a right to consult with a lawyer and have the lawyer with her during the interrogation; and that if she was indigent a lawyer would be appointed to represent her. The officer to whom the defendant made this statement testified that he told the defendant that she didn't have to tell him anything or to answer any questions and that she had a right to a lawyer before she answered any questions, and that anything she might say could be used in court against her. The officer did not testify specifically that he informed the defendant that if she was indigent a lawyer would be appointed to represent her. The record shows no evidence or indication of indigency. On the contrary, it shows that the defendant was represented at the trial and on this appeal by employed counsel. The officer's failure to inform the defendant of the right to appointed counsel if she was indigent, therefore, was harmless. *Blake v. State*, 109 Ga. App. 636 (137 SE2d 49), cert. denied 379 U. S. 924; *Moore v. State*, 113 Ga. App. 738 (149 SE2d 492), cert. denied by the U. S. Supreme Court, Jan. 30, 1967; *Taylor v. City of Griffin*, 113 Ga. App. 589 (149 SE2d 177), cert. denied by the U. S. Supreme Court, Jan. 16, 1967; *Nichols v. Heffner*, 222 Ga. 706 (152 SE2d 393); *Dill v. State*, 222 Ga. 793 (152 SE2d 741).

2. The trial court did not err in allowing in evidence testimony as to an admission by the defendant made to another police officer during in-custody investigation, to which testimony the defendant did not object at the trial. *Eberhardt v. State*, 47 Ga. 598, 609; *Alford v. State*, 137 Ga. 458, 459 (73 SE 375); *Hill v. State*, 214 Ga. 794, 795 (107 SE2d 662); *Taylor v. State*, 220 Ga. 801, 802 (142 SE2d 239).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED OCTOBER 3, 1966—DECIDED JANUARY 10, 1967—REHEARING DENIED JANUARY 26, 1967.

*Ray, Owens, Keil & Hirsch, J. Walter Owens, Joseph A. Ray,* for appellant.

*W. B. Skipworth, Solicitor General, Frank K. Martin,* for appellee.