24051. SELLERS v. DUTTON, Warden.

SUBMITTED MAY 8, 1967—DECIDED MAY 18, 1967.

Foster W. Sellers, *pro se.*

*Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

ALMAND, Presiding Justice. Foster W. Sellers in his petition for a writ of habeas corpus sought his release from the custody of A. L. Dutton, Warden of the Georgia State Prison. After a hearing the court remanded Sellers to the custody of the warden. The appeal assigns error on this order.

The record discloses that Sellers was tried in Richmond Superior Court in October of 1965 under an indictment for burglary, found guilty and sentenced for a term of five years. On this trial he was represented by counsel of his choice, and the conviction on appeal was affirmed in *Sellers v. State,* 112 Ga. App. 607 (145 SE2d 827). Sellers contends that his conviction was void because after his arrest he was not advised by the arresting officer that he was entitled to have his lawyer present and that he did not have to answer any of the officer's questions. Further, he contends that on his trial the "confes-

sion and incriminating statement" made by him to the officer should not have been allowed in evidence.

On the habeas corpus hearing, petitioner introduced in evidence the transcript of a portion of the evidence from his trial in which the arresting officer testified as follows: "Q. Well now just a minute, what's the first thing that he did when you were out in the swamp or wherever it was or the ditch, what is the first thing he said or did to you when you saw him there? A. My first move was to pull my pistol. Q. Yes. A. He looked up and he grinned and he said, 'Well, you all got me.' Q. Who said that? A. The defendant, Mr. Sellers. Q. Did you answer him? Answer him with anything? A. Yes sir. I said 'We got you all right.' Q. Did he mention about anybody being with him or not? A. Later on, on the way to the jail, I was in the back seat of the car with Mr. Sellers and I asked him just trying to carry the investigation as far as I could who assisted him. He turned to me and he said 'Larry' said 'you know I can't tell you anything about that.' But he said 'I'll tell you one thing,' he says 'I'll always remember who left me.' Q. I'll always what? A. Remember who left me." Petitioner contends that this was a confession. There is no contention that the court instructed the jury on the law relating to confession and involuntary statements. A mere reading of this testimony discloses that the statement did not amount to a confession by Sellers that he had committed the offense of burglary. Furthermore, Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) is not applicable because the petitioner was tried prior to the date of that decision.

It was not error to remand the petitioner to the custody of the warden.

*Judgment affirmed. All the Justices concur.*