## 44077. WASHINGTON v. THE STATE.

HALL, Judge. The defendant was tried on an indictment for murder and appeals from her conviction and sentence for voluntary manslaughter and from the overruling of her motion for new trial.

1. The evidence was in conflict and authorized the conviction for voluntary manslaughter, and the court did not err in charging the jury on this crime. *Wall v. State,* 126 Ga. 549, 551 (55 SE 484); *French v. State,* 43 Ga. App. 97, 98 (157 SE 902); *Turner v. State,* 111 Ga. App. 860 (143 SE2d 485); *Thomas v. State,* 118 Ga. App. 359, 363 (163 SE2d 850).

2. The Supreme Court has held that the omission to give the definition of "felony" in charging on the law of justifiable homicide is not cause for a new trial when no written request has been presented. *Thomas v. State,* 181 Ga. 422 (182 SE 501). The decision in *Roberts v. State,* 114 Ga. 450, 453 (40 SE 297), which was cited in *Holland v. State,* 3 Ga. App. 465, 467 (60 SE 205), is not to the contrary. The court did not err in the present case in failing to define the term "felony" in the instructions to the jury. The record does not show that the defendant requested such an instruction. Furthermore, considering the evidence as to actions of the deceased and the charge as a whole it does not appear that a jury of reasonable intelligence would have been confused or unable to relate the law of justifiable homicide correctly to the facts they might find from the evidence.

3. The defendant's enumeration of error on admission of the statement of the defendant to police officers is not supported by the defendant's brief and is without merit.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 8, 1968—DECIDED NOVEMBER 26, 1968.

Smith, Gardner, Wiggins & Geer, M. M. Wiggins, Jr., for appellant.

Robert W. Reynolds, Solicitor General, D. C. Campbell, Jr., Thad W. Gibson, for appellee.