## 44771. ARNALL v. THE STATE.

EBERHARDT, Judge. Where defendant and another were sitting in a car with the lights on and motor running, on the parking lot of a closed business at 2:30 a.m. and the police went to the car, checked the driver's license of the woman behind the wheel found that she had a strong odor of alcohol on her breath, that she talked in a slurring manner and that when she got out of the car she walked in a weaving and unsteady manner, admitting to the officers that she had consumed "one cocktail," and the officers suggested to her that she allow the other woman, who appeared to be sober, to drive the car be-

cause if defendant should drive it they would have to charge her with driving under the influence of intoxicants, but she refused and drove her car out into the street and proceeded straddling the line separating traffic lanes, after which the police, who had followed, arrested her for driving under the influence, informed her of the implied consent law and she refused to have a blood test made or to take the breatholator test, and the two arresting officers testified that from her manner of speech, her manner of walking, the odor of alcohol on her breath, and her manner of driving the vehicle down the street, it was their opinion that she was intoxicated to the extent that it was less safe for her to drive than if she had not been so affected.  *Held:*

1. The evidence authorized a verdict of guilty of the offense of driving while under the influence of intoxicants.  *Echols v. State,* 104 Ga. App. 695 (122 SE2d 473) ; *Spaulding v. State,* 111 Ga. App. 855 (143 SE2d 520).  Cf. *Flournoy v. State,* 106 Ga. App. 756 (128 SE2d 528) ; *Williams v. State,* 111 Ga. App. 588 (142 SE2d 409).

2. Error cannot be shown in the denial of a motion for a directed verdict of acquittal in a criminal case.  *Pritchard v. State,* 224 Ga. 776, 779 (164 SE2d 808).

3. Defendant's statement to the arresting officers that she had consumed "one cocktail" did not amount to a confession that she was guilty of driving a motor vehicle on the public streets or highways while under the influence of intoxicants.  Consequently, there was no duty on the court to conduct a hearing to determine whether the statement was voluntarily made pursuant to the ruling in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205).  *Sellers v. Dutton,* 223 Ga. 358 (155 SE2d 23) ; *Haggard v. State,* 113 Ga. App. 185 (4) (147 SE2d 469).  The statement was admitted without objection, and this ground is without merit.  *Taylor v. State,* 220 Ga. 801 (3) (142 SE2d 239).

4. There is no merit in the contention that the court erred in failing to charge on circumstantial evidence.  There was direct evidence which amply authorized the conviction.  *Cliett v. State,* 132 Ga. 36 (1) (63 SE 626).

5. "In the absence of a timely written request, the mere fact that opinion evidence was introduced does not require an instruction as to the weight of such evidence."  *Fort v. State,* 31 Ga. App. 525 (121 SE 128).

6. (a) It was not error to refuse a written request to charge Number 1, the substance of which was included in the charge as given. *Central R. & Bkg Co. v. Maltsby*, 90 Ga. 630 (2) (16 SE 953); *Carnes v. State*, 115 Ga. App. 387 (6) (154 SE2d 781).

(b) Requests Numbers 2, 3 and 4 were not adjusted to the evidence. Each of them was predicated on the premise that the defendant committed no offense in the presence of the arresting officers, in which event the arrest would have been illegal. However, the evidence demanded a finding that the offense, if committed, was committed in the presence of the officers, authorizing the arrest without a warrant. *Howell v. State*, 162 Ga. 14 (6c) (134 SE 59); *Earl v. State*, 124 Ga. 28, 29 (2) (52 SE 78); *Knight v. State*, 26 Ga. App. 42 (105 SE 642).

7. Since there was evidence from the arresting officers that the defendant was informed, at the time of her arrest and again afterward, of the provisions of the implied consent law, as found in *Code Ann.* § 68-1625.1, and of the filing of an affidavit with the State Patrol relative to her refusal to have a blood test or to take a breatholator test, and defendant denied that she had been so informed and asserted that she had demanded a test, it was not error to charge the provisions of that law.

8. In the absence of a timely written request there is no error in failing to define a misdemeanor. *Pickens v. State*, 132 Ga. 46 (63 SE 783); *Washington v. State*, 118 Ga. App. 729 (2) (165 SE2d 431); *Turnipseed v. State*, 53 Ga. App. 194, 203 (185 SE 403); *Fort v. State*, 31 Ga. App. 525 (3), supra; *McLendon v. State*, 14 Ga. App. 737 (3) (82 SE 317).

9. The charge fully and properly covered the matter of the essentials necessary to be proven in order to authorize a conviction. It included those alluded to in *Harper v. State*, 91 Ga. App. 456 (2) (86 SE2d 7) and in *Sims v. State*, 92 Ga. App. 169 (88 SE2d 186), relied upon in appellant's brief.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 12, 1969.

*Neil L. Heimanson, Dan C. Mitchell*, for appellant.
*W. Paul Walker, Solicitor, Robert A. Harris*, for appellee.