## S11A0220. REESE v. THE STATE.

(711 SE2d 717)

HUNSTEIN, Chief Justice.

Appellant Charles Reese was convicted of felony murder, aggravated assault and possession of a firearm during the commission of a felony in connection with the shooting death of DiMario Gibson. Finding no error in the denial of Reese's motion for new trial,[1] we affirm.

1. The evidence adduced at trial authorized the jury to find that Reese's wife, Genie Gibson, hosted a fish fry at the home the two had shared for almost 40 years. The victim, who was Gibson's 46-year-old son and Reese's stepson, had been at the house during the day helping to set up and stayed for the party that evening. During the party, Reese asked the victim to drive him to the liquor store; the victim declined, which angered Reese. A friend of the victim took Reese to the store instead and, along the way, Reese complained about the lack of respect he received from the victim and the victim's older brother Trevor.

Trevor arrived at the party as it was winding down around 11:00 p.m. He encountered Reese, who then went upstairs. As Trevor started to leave, Reese came downstairs holding a shotgun and told him to get out. Gibson stood between the two, and she and Trevor backed out of the house. The victim, who had left the party earlier in

---

[1] The crimes occurred on July 8, 2006. Reese was indicted in Fulton County on October 6, 2006 and charged with malice murder, felony murder based on aggravated assault, felony murder based on possession of a firearm by a convicted felon, aggravated assault, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. The firearm possession by a convicted felon charge and the felony murder charge predicated thereon were bifurcated at trial and ultimately dead docketed. On December 17, 2007, the jury acquitted Reese on the malice murder charge and found him guilty of felony murder based on aggravated assault, aggravated assault, and firearm possession during the commission of a felony. On January 8, 2008, the trial court merged the aggravated assault conviction into felony murder and sentenced Reese to life imprisonment for felony murder plus a consecutive five year sentence for firearm possession. Reese's motion for new trial was filed on January 24, 2008, amended by new counsel on July 8, 2009, and denied on April 20, 2010. His untimely notice of appeal was dismissed by this Court on September 7, 2010. See Case No. S10A1784. The trial court granted Reese's motion for an out-of-time appeal on September 15, 2010 and Reese filed a notice of appeal on September 20, 2010. The appeal was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

the evening, returned soon after Trevor's exit. When he opened the front door, Reese shot him in the chest; he fell onto the porch and died at the scene. Reese went downstairs, said to those gathered there that he had just shot the victim, laid the shotgun on a pillow and left the house.

Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Reese guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Reese contends that the trial court erred by failing to give the jury his request to charge number 20 on defense of habitation. During the charge conference, defense counsel was allowed by the trial court to interpose a continuing objection as to "justification and any [other] affirmative defenses not being given." At the conclusion of the jury charge, however, counsel objected only to the failure to give Reese's request to charge number 18. See Division 3 (b), infra. Assuming, without deciding, that the continuing objection was sufficient to preserve this issue, see OCGA § 17-8-58 (a) ("[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate"), we find no error.

OCGA § 16-3-23 provides, in pertinent part:

> A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation; however, such person is justified in the use of force which is intended or likely to cause death or great bodily harm only if . . . [t]he entry is made or attempted in a violent and tumultuous manner and he or she reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence . . . .

Id. at (1). There was no evidence presented at trial that the victim's act of opening the front door was in any way an unlawful entry into or attack upon his mother's house; that he opened the door in a violent and tumultuous manner; or that Reese could have reasonably believed that the victim intended to attack or offer personal violence toward anyone inside the house. Evidence that the victim was

intoxicated and had cursed at Reese earlier that evening simply does not meet the statutory standard, and it is not error to refuse a justification charge where there is no evidence to support it. See *Hicks v. State*, 287 Ga. 260 (2) (695 SE2d 195) (2010).

3. Reese also argues that the trial court erred by failing to charge the jury on the defense of justification.

(a) Reese's request to charge number 19 tracked the language of OCGA § 16-3-21 (a), stating that

> [a] person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

As in the case of Reese's request to charge on the justification defense of defense of habitation, see Division 2, supra, we find no error here because the evidence did not support the giving of this charge.

(b) Reese's request to charge 18, based in part upon language from an 1884 opinion cited in *Taylor v. State*, 220 Ga. 801 (6) (142 SE2d 239) (1965), contrasted justification, voluntary manslaughter[2] and murder as follows:

> If the facts and circumstances surrounding an accused were such as to excite the fears of a reasonable man that a joint felonious assault was being made upon him, the verdict should be justifiable homicide. It should be voluntary manslaughter, if they were such only as to excite the fears of a reasonable man that some bodily harm less than a felony was imminent and impending. It should be murder, if the circumstances were not such as to excite the fears of a reasonable man that he was in any serious danger at all. Although the doctrine of reasonable fears does not constitute a defense to voluntary manslaughter so as to authorize an acquittal, it does apply in determining whether the homicide was voluntary manslaughter rather than murder.

This charge is problematic in more than one respect. First, the definition of "justifiable homicide" therein is inconsistent with and has been superseded by the current statutory scheme for the

---

[2] The trial court did charge the jury on voluntary manslaughter in accordance with the pattern jury instructions. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), §§ 2.10.40, 2.10.41, 2.10.42.

affirmative offense of justification. See OCGA § 16-3-20 et seq. Second, as *Taylor* itself recognized, the existence of "reasonable fears" is irrelevant to the consideration of voluntary manslaughter. See OCGA § 16-5-2 (a) (voluntary manslaughter is committed when one acts "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person"); *Taylor*, supra at 804 (6) ("the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter"). Because the requested charge is an inaccurate statement of the law, we disapprove its use as a jury instruction and find no error in the trial court's refusal to give it.

(c) On appeal, Reese argues that justification, including defense of habitation, was his sole defense and that a trial court must charge the jury on a defendant's sole defense even without a written request.[3] During the charge conference, however, counsel for Reese stated repeatedly that he was not seeking an acquittal. See *Crane v. State*, 281 Ga. 635, 637 (641 SE2d 795) (2007) (defendant is entitled to a verdict of acquittal if he establishes the defense of justification and the State fails to disprove the defense beyond a reasonable doubt). Instead, counsel for Reese characterized his defense as "imperfect self-defense," a form of voluntary manslaughter that is not recognized in Georgia. See *Scott v. State*, 261 Ga. 611 (2) (409 SE2d 511) (1991). Thus, this argument has no merit.

4. Reese moved for a mistrial twice during the proceedings and claims that the trial court erred by denying the motions.

(a) During Reese's cross-examination of Gibson, the following exchange took place:

Q: Did you ask the D.A. to seek the death penalty?
A: Yeah, I wanted him to seek the death penalty.
Q: Essentially, you're extremely angry with Mr. Reese; is that correct?
A: I'm extremely angry with Mr. Reese, because if you pulled Mr. Reese's record, he has been a terror.

Reese requested a curative instruction after his motion for a mistrial was denied and the trial court instructed the jury to disregard Gibson's comment. Because defense counsel did not renew the mistrial motion thereafter, Reese cannot now complain of the failure to grant the motion. See *Wright v. State*, 285 Ga. 428 (5) (677 SE2d 82) (2009). Nevertheless, "a passing reference to a defendant's

---

[3] A charge on the defendant's sole defense is mandatory only if there is some evidence to support it, *Porter v. State*, 272 Ga. 533 (3) (531 SE2d 97) (2000), and, as discussed in Divisions 2 and 3 (a), supra, there was no evidence to support a justification charge here.

record does not place his character in evidence. Moreover, . . . a nonresponsive answer that impacts negatively on a defendant's character does not improperly place his character in issue." (Citations and punctuation omitted.) *Lanier v. State*, 288 Ga. 109, 110-111 (2) (702 SE2d 141) (2010). Accordingly, the trial court would not have abused its discretion by denying Reese's motion for a mistrial. See id. at 111.

(b) During the State's direct examination of the investigating detective, the following exchange took place:

Q: When was [Reese] arrested?
A: The defendant came down to the homicide office and turned himself in to the homicide office on the 9th of July.
Q: Did you take any other steps in this investigation with regard to the homicide?
A: Yes. At that time I inquired to interview the accused, and he declined.

Following the denial of Reese's motion for a mistrial, the trial court charged the jury on the right to remain silent and instructed jurors to disregard the detective's comment. Again, defense counsel failed to renew the mistrial motion, thus waiving the issue on appeal. See *Wright*, supra, 285 Ga. at 433 (5). In any event,

testimony about the defendant remaining silent is not deemed to be prejudicial if it is made "during a narrative on the part of the authorities of a course of events" and "apparently was not intended to, nor did it have the effect of, being probative on the guilt or innocence of the defendant." [Cit.] Indeed, to warrant a reversal of a defendant's conviction, the evidence of the election to remain silent must "point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." [Cit.]

*Whitaker v. State*, 283 Ga. 521, 524 (3) (661 SE2d 557) (2008). Here, the comment at issue was made during the detective's narrative regarding the events of his investigation and did not directly implicate Reese's defense. Thus, the trial court would not have abused its discretion by denying Reese's motion for a mistrial. See id. at 525 (3).

(c) Reese also argues that the cumulative effect of the denial of the two mistrial motions resulted in an unfair trial. "With regard to asserted errors by the trial court, however, a cumulative error rule is not applied. [Cits.]" *Gear v. State*, 288 Ga. 500, 504 (5) (705 SE2d

632) (2011).

5. Reese cites as error the trial court's charge to the jury on voluntary intoxication, arguing that there was no evidence to indicate that he was intoxicated and that the charge thus constituted an improper expression of opinion on the evidence.[4] See OCGA § 17-8-57. However, there was circumstantial evidence to support the giving of the charge, namely, testimony that alcohol was served at the party and that Reese went to the liquor store to make a purchase. One witness testified that although he did not see Reese consume alcohol, he "knew" that Reese had in fact done so. Accordingly, this enumeration of error has no merit.

6. Reese maintains that his trial counsel rendered ineffective assistance by failing to argue defense of habitation; by failing to argue for his acquittal, i.e., to set forth a justification defense; and by failing to preserve issues regarding the trial court's refusal to charge the jury on these defenses. In order to prevail on an ineffective assistance of counsel claim, Reese must show both that counsel's performance was professionally deficient and that there is a reasonable probability that the outcome of his trial would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Because there was no evidence to support a justification defense, including defense of habitation, see Divisions 2 and 3 (a), supra, trial counsel's performance cannot be considered deficient for failure to pursue these defenses. And as we found no error after assuming, without deciding, that any issue regarding the trial court's refusal to charge the jury on these defenses was preserved for review, see Divisions 2 and 3 (a), supra, it follows that counsel's performance cannot be considered deficient in this regard.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 2011.

*Cynthia W. Harrison*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.

---

[4] Although Reese did not object to the giving of this charge, the failure to object to a violation of OCGA § 17-8-57 does not waive the issue on appeal; on appeal, the issue is simply whether there was such a violation. *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010).