203 So.2d 710

STATE of Louisiana

v.

Dominic ANGELO.

No. 48572.

Nov. 6, 1967.

Arthur F. Dumaine, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Gar-rison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

Dominic Angelo, an adult, was charged under R.S. 14:92(A) (8) with contributing to the delinquency of a juvenile and under R.S. 14:81 with indecent behavior with a juvenile, both misdemeanors. He was tried in the Orleans Parish Juvenile Court (Docket Nos. 129–521 and 129–522 of that court), found guilty of both charges, and was sentenced in Case No. 129–521 to 12 months in the parish prison and in Case No. 129–522 to 16 months in the parish prison, the 12-month sentence to run concurrently with the 16-month sentence. He appealed in both cases, relying on two bills of exception taken during his trial on the two charges.

Bill of Exception No. 1 was reserved when the trial judge, over defense counsel's objection, permitted three officers of the law to give an oral statement of fact made by the defendant which constituted an admission or confession of the crimes charged. This statement was made under the following circumstances:

The three officers, accompanied by a 15-year-old girl, the juvenile involved in these cases, went to a service station in New Orleans where the defendant Dominic Angelo worked as a mechanic. At the station the officers first talked to the owner,

and then and there placed the defendant under arrest. He was informed immediately that he did not have to make any statement but that he could if he desired, and that anything he might say could be used against him. He was also informed of the charges against him, and at that time made the oral admission or confession here involved.

It is not contended by the accused that his statement was given under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises, and the circumstances show that the statement by the accused was free and voluntary under the criteria prescribed by our law. La.Const. of 1921, Art. 1, Sec. 11; R.S. 15:451. It is appellant's position, as disclosed by the bill of exception, that before making the statement he was not advised of his constitutional rights, and that hence under the decision of the United State Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, the confession or admission was illegally obtained and illegally admitted in evidence.

The Supreme Court of the United States in Miranda held that statements of an accused person, whether exculpatory or inculpatory, stemming from custodial interro-

gation[1] may not be used except under the following conditions: "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."

As stated above, the accused in the instant case was warned that he had a right to remain silent and that any statement he might make could be used against him. He was not advised of any right to counsel before questioning.[2]

The State first takes the position that the Miranda decision is inapposite in this case, contending that the questioning of the accused here was not the "custodial interrogation" envisaged by the court in Miranda, for here the accused was questioned by the officers at his place of employment in the presence of his employer, and the interrogation was not conducted in the isolation and secrecy of a police station.

There may be merit in this contention, but we prefer to rest our decision on the State's alternative argument that the holding in the Miranda case does not apply to an accused charged with a misdemeanor.

1. In that case the court said that "[b]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way".

2. It is not suggested that at the time of this interrogation or afterwards the accused requested the assistance of counsel. At his trial he was represented by an attorney of his own choice, who also represents him on this appeal.

Our Louisiana Constitution, Article 1, Section 9, contains the provision that the accused " * * * shall have the right * * * to have the assistance of counsel * * * ". Under our present law when an accused charged with a capital offense does not have an attorney, the court is required to appoint assigned counsel prior to arraignment, and in all other felony cases when the accused appears for arraignment without counsel, the court shall inform him, before he pleads to the charge, of his right to have the court appoint counsel to defend him if he is financially unable to procure counsel. C.Cr.P. Arts. 512, 513. It has never been the law of this state that a person charged with a misdemeanor is entitled as a matter of right to court-appointed counsel.

█ In this state, as in all others, innumerable acts, many of them relatively trivial, are made misdemeanors, such as disturbing the peace, violation of conservation laws relative to fish and game, violation of the highway regulatory act, etc. The great number of these lesser offenses, and the limited number of law enforcement officers, militate of necessity against surrounding the officers' routine investigation of these lesser offenses with elaborate, strict, highly formalized procedural safeguards. In Miranda and its companion cases the Supreme Court was dealing with felonies, and we cannot construe the holding in that case to mean that statements of an accused in a misdemeanor case cannot be used unless the officers have informed him prior to questioning that he has the right to the presence of an attorney and that if he cannot afford one, counsel will be appointed for him before questioning if he so desires.[3]

█ Bill of Exception No. 2 was taken during defense counsel's cross-examination of the juvenile. She was asked whether the accused was the first man she had had intercourse with, and she answered that he was not. Counsel then asked her how many others she had had sexual relations with, the State objected, the judge sustained the objection, and counsel reserved this bill.

The judge's ruling was correct. In his per curiam he said: "The question before the court at the time that the question was propounded to the witness was the question of the guilt or innocence of this defendant. The frequency or infrequency of other relations of the child is of no moment and has no connection with the guilt or innocence of this defendant. The court is of the opinion that the question asked of the witness was calculated only to embarrass and harass her. * * * "

For the reasons assigned the convictions and sentences are affirmed.

3. See Winters v. Beck, 239 Ark. 1151, 397 S.W.2d 364, cert. den. 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137.