216 So.2d 828

**STATE of Louisiana**

v.

**John ROCKEYMORE, Jr.**

No. 49221.

Dec. 16, 1968.

John D. Goodwin, Shreveport, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for appellee.

BARHAM, Justice.

John Rockeymore, Jr., charged with attempted theft, a misdemeanor,[1] was tried before a judge,[2] convicted, and sentenced to serve one year in the parish jail. He has appealed. Defense counsel filed no brief and did not appear to argue this appeal before us.

No bills of exception were reserved and perfected, and the record shows no error discoverable by a mere inspection of

1. Although it appears that the defendant had no attorney at the time of trial, it is not shown that he claimed to be indigent, and it appears that he did in fact employ an attorney who filed this appeal. The United States Supreme Court has not held that an accused is entitled to counsel in a misdemeanor case; and, as we said in State v. Angelo, 251 La. 250, 203 So.2d 710, " * * * It has never been the law of this state that a person charged with a misdemeanor is entitled as a matter of right to court-appointed counsel".

2. So far as the record shows, the defendant did not request a jury, and he does not urge that he was entitled to a jury trial. In any event, the trial took place on March 19, 1968, before the United States Supreme Court rendered its decision in Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522, which is not retroactive. See DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308; State v. Beer, 252 La. 756, 214 So.2d 133.

the pleadings and proceedings. This appeal therefore presents nothing for our consideration. La.C.Cr.P. Art. 920; State v. Asher, 213 La. 131, 34 So.2d 399; State v. Hartson, 213 La. 483, 35 So.2d 24; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Bennett, 235 La. 987, 106 So.2d 443.

The conviction and sentence are affirmed.