**STATE of Iowa, Appellant,**

v.

**Joel GABRIELSON, Appellee.**

**No. 54822.**

Supreme Court of Iowa.

Dec. 15, 1971.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and DeWayne A. Knoshaug, County Atty., for appellant.

B. C. Berge, Garner, and Dan L. Johnston, Des Moines, for appellee.

MOORE, Chief Justice.

■ The sole question here is whether the warning rules enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, apply to simple misdemeanor cases. The trial court held in the affirmative. On the State's appeal we reverse. Our consideration of the question is limited to simple misdemeanors such as the case before us. We do not remand as defendant has been in jeopardy. Code section 793.9.

About 3 a. m. June 12, 1970 policeman Robert Berns saw a car sitting across the sidewalk in the driveway entrance to a closed car wash in Belmond. As it was being driven away it was stopped by the officer who then observed one of the four young male occupants had vomited on the right rear quarter panel. He was told they stopped to get the car washed. Berns smelled intoxicating liquor on each occupant's breath, including defendant Joel Gabrielson, age 20 years. They had no beer and none was found in the car. Berns then took the four young men to the Belmond police station and engaged them in conversation regarding their earlier activities. Gabrielson stated they had been to a prewedding party at a farm home six miles from Belmond where he drank beer. He was not given the Miranda warnings until just before Berns issued him a summons to appear in a justice of the peace court on a charge of possession of beer in violation of Code section 125.33.

On issuance of the summons defendant was not further detained. Later he was tried and found guilty in the justice court. From a fine of $25 defendant appealed to district court where on trial to the court he was found not guilty. At all times de-

fendant's attorney properly raised the question of the admissibility of defendant's statements made to Berns at the police station without Miranda warnings. The district court rejected the State's offer of Gabrielson's admissions and specifically ruled Miranda rules apply in misdemeanor prosecutions. For lack of evidence defendant was found not guilty.

I. In this state public offenses are divided into felonies and misdemeanors. Felonies are those which are, or in the discretion of the court may be, punishable by imprisonment in the state penitentiary or reformatory. Other offenses are defined as misdemeanors and are punishable by fine or a jail term not to exceed one year. Code chapter 687. Gabrielson was charged with a simple misdemeanor punishable by a fine not to exceed $100 or 30 days in jail. Simple misdemeanors are triable without indictment. Article I, section 11, Iowa Constitution.

II. As stressed in defendant's brief the Fifth Amendment to the United States Constitution provides no person shall be compelled to be a witness against himself and the Sixth Amendment guarantees the right of counsel. These rights as well as their applicability to state prosecutions under the Fourteenth Amendment are conceded by the State. Our problem here is whether the warning rules enunciated in Miranda apply in what several courts refer to as "minor" or "petty" offenses.

III. In Miranda and its companion cases, involving Vignera, Westover and Stewart, the United States Supreme Court was concerned with the procedures followed by law enforcement officers in investigating felony cases. Miranda was convicted of kidnapping and rape. He was under concurrent sentences of 20 to 30 years imprisonment. In Vignera defendant was under a 30 to 60 years imprisonment sentence for first degree robbery. Westover had been convicted of two bank robberies and sentenced to consecutive 15 year sentences.

Stewart was under a death sentence for murder.

After condemning incommunicado interrogation methods conducted in a police-dominated atmosphere and the use of third degree pressures resulting in self-incriminating statements by one under arrest without full warnings of constitutional rights the Supreme Court in Miranda held that statements of an accused stemming from custodial interrogation may not be used except under the following conditions:

"Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Page 443 of 384 U.S., page 1612 of 86 S.Ct., pages 706, 707 of 16 L.Ed.2d.

However the Supreme Court at page 481 of 384 U.S., page 1631 of 86 S.Ct., page 727 of 16 L.Ed.2d says: "In announcing these principles, we are not unmindful of the burdens which law enforcement officials must bear, often under trying circumstances. We also fully recognize the obligation of all citizens to aid in enforcing the criminal laws. This Court, while protecting individual rights, has always given ample latitude to law enforcement agencies in the legitimate exercise of their duties. The limits we have placed on the interrogation process should not constitute an undue interference with a proper system of law enforcement. As we have noted, our decision does not in any way preclude police from carrying out their traditional investigatory functions."

IV. The question now before this court is of first impression. It has however been decided in other jurisdictions.

In State v. Pyle, 19 Ohio St.2d 64, 249 N.E.2d 826, defendant was arrested for operating a motor vehicle while intoxicated and thereafter questioned. That offense is classified as a misdemeanor and is punishable by not to exceed one year in the peni-

tentiary. The Ohio court squarely holds the principles enunciated in Miranda are not applicable to misdemeanors, the court says:

"In deciding whether this holding extends to cover those persons accused of misdemeanors, as well as those persons accused of felonies under Ohio Law, we adhere to the accepted principle that any court-made rule of law must be read in relation to the facts which precipitated it." Page 827 of 249 N.E.2d. And at page 828,

"It is our belief that to place the same restraints upon the interrogation process with respect to those persons accused of misdemeanors as exist with respect to those persons accused of felonies would 'constitute an undue interference with a proper system of law enforcement'. To extend the Miranda ruling to govern the interrogation process of police officers with respect to thousands of minor infractions of the law which occur daily throughout Ohio would be unwise and impractical. Furthermore, we believe that nothing said in the opinion in Miranda requires us to do so."

In State v. Angelo, 251 La. 250, 203 So. 2d 710, defendant was arrested and later convicted of contributing to delinquency of a juvenile and indecent behavior with a juvenile. After his arrest defendant was advised of his rights against self-incrimination but not his right to counsel. Statements made thereafter were held admissible. Concurrent sentences of 12 and 16 months were allowed to stand.

At pages 711, 712 of 203 So.2d, the Louisiana Court said:

"In this state, as in all others, innumerable acts, many of them relatively trivial, are made misdemeanors, such as disturbing the peace, violation of conservation laws relative to fish and game, violation of the highway regulatory act, etc. The great number of these lesser offenses, and the limited number of law enforcement officers, militate of necessity against surrounding the officers' routine investigation of these lesser offenses with elaborate, strict, highly formalized procedural safeguards. In Miranda and its companion cases the Supreme Court was dealing with felonies, and we cannot construe the holding in that case to mean that statements of an accused in a misdemeanor case cannot be used unless the officers have informed him prior to questioning that he has the right to the presence of an attorney and that if he cannot afford one, counsel will be appointed for him before questioning if he so desires."

In State v. Macuk, 57 N.J. 1, 268 A.2d 1, defendant's conviction of operating a motor vehicle while under the influence of intoxicating liquor was affirmed. The court held the Miranda warning rules not applicable to motor vehicle violations. At page 9 of 268 A.2d it is stated:

"The reasons for our view may be briefly summarized. First, the type of police questioning involved in motor vehicle violations is not ordinarily the lengthy, incommunicado inquisition seeking to 'sweat out' a confession at which Miranda was aimed. Generally it encompasses only simple standard inquiries for the purpose of a necessary accident or violation police report, even though some of the information obtained may go beyond the so-called investigatory phase and be inculpatory as to the violation. The fundamental reason for the Miranda rules is just not present. (We are not speaking of questioning about a full-blown crime of some kind which may have come to light as a result of the stopping of an automobile for a motor vehicle violation.) Secondly, the violations involved are not serious enough in their consequences to warrant the time consuming interference which would result to effective law enforcement and the expeditious administration of justice in petty offense cases. Thirdly, as a purely practical matter, it would be utterly impossible to provide sufficient lawyers to consult with the number of motor vehicle violators who would be likely to request legal advice. In this state during the court year 1968–69, 726,763 non-parking traffic complaints were filed in the municipal courts, of which 38%, or over 275,000, were

disposed of by court hearing. Certainly a substantial percentage of those involved police questioning of indigent defendants which went beyond investigatory aspects and who could demand the furnishing of a lawyer prior to interrogation if Miranda were to be held applicable. The massive impossibility of doing so is manifest. Therefore there was no error here in refusing to strike the testimony of the police officers concerning the questioning of defendants at police headquarters."

Other jurisdictions holding Miranda warning rules not required are State v. Bliss, Del., 238 A.2d 848 (defendant arrested for O.M.V.I.—questioned at police station); State v. Zucconi, 93 N.J.Super. 380, 226 A. 2d 16 (reckless driving conviction); State v. Fearon, 110 N.J.Super. 131, 264 A.2d 482 (O.M.V.I. conviction); State v. Beasley, 10 N.C.App. 663, 179 S.E.2d 820 (O.M.V.I.); Capler v. City of Greenville, Miss., 207 So. 2d 339. See also Anno. 25 A.L.R.3d 1076.

The reasoning set out in the above quotations is logical and persuasive. To hold Miranda warning rules applicable to simple misdemeanors would unduly interfere with proper law enforcement in that area and preclude the police from carrying out their traditional investigatory functions.

■ We hold the principles enunciated in Miranda v. Arizona, supra, are not applicable to simple misdemeanors—those offenses for which our legislature has provided a penalty not to exceed a $100 fine or 30 days in jail. In the case at bar the trial court's ruling was erroneous.

Nothing said here is meant to close the door upon proof a defendant's statements were made because of coercion, threats, promises or other wrongful inducement and therefore inadmissible. Gabrielson makes no such suggestion. We intimate no opinion as to the applicability of Miranda to indictable misdemeanors.

Reversed. Not remanded.

All Justices concur except BECKER, J., who dissents.

BECKER, Justice (dissenting).

I respectfully dissent.

I accept the reasoning of the majority as to all law of the road violations that constitute petty misdemeanors. As to other misdemeanors and indictable law of the road violations, I would hold the Miranda case applicable. Cf. Anno. 25 A.L.R.3d 1076.

This case did not involve a law of the road violation. Therefore the trial court was right. The Miranda case should be applicable.

I would affirm.