PER CURIAM.
Defendant was convicted in city court of driving while intoxicated (La.RlS. 14:98) pursuant to prosecution by the Pineville City Attorney on a charge which arose within the city limits of Pineville. The defendant was sentenced to pay a fine of four hundred dollars and serve sixty days in the parish prison. He appeals his conviction *946 .and sentence on the basis of one bill of ■exception reserved and perfected during the ^proceedings.
Prior to trial, defendant filed a Motion to Quash which alleged that the “Complaint-Affidavit” under which he was charged was vague, and the prosecution of 'this crime by the city attorney was unconstitutional as an infringement upon the powers of the district attorney. Defendant was charged under a “Louisiana Uniform Traffic Ticket and Complaint” in which all pertinent information was included. This court 'has previously held that such affidavit sufficiently informs the accused of the nature of the offense charged, and thus this ground is without merit.. City of Pineville v. Robinson, 260 La. 415, 256 So.2d 427 (1972).
The second basis of complaint is that La.R.S. 13:1894.1 (which provides for prosecution by the city attorney, in city court, of violations of La.R.S. 14:98) is unconstitutional in that such prosecutions -usurp the powers of the district attorney. "This court has previously held that the stat-ute simply establishes by general statewide law the functions of local government with -regard to the prosecution of driving while •intoxicated offenses. City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972). We find no provision in our State Constitution which forbids this.[1] The bill of exceptions relied upon by defendant is without merit.
For reasons assigned, the conviction and sentence are affirmed.

. Kemp v. Stanley, 204 La. 110, 15 So.2d 1 (1943) is distinguishable on it facts from the present case