275 So.2d 773 (1973)
STATE of Louisiana
v.
Sidney P. COODY, Jr.
No. 52999.
Supreme Court of Louisiana.
March 26, 1973.
*774 Gravel, Roy & Burnes, Richard V. Burnes, Alexandria, for defendant-appellant.
Ford & Nugent, William M. Ford, Alexandria, for plaintiff-appellee.
BARHAM, Justice.
Sidney P. Coody, Jr., charged with driving a vehicle while intoxicated, R.S. 14:98, was convicted as charged in the City Court of Pineville, Louisiana, and sentenced to pay a fine of $400.00 and costs and to serve 90 days in the parish jail. He has appealed.
No bills of exceptions were reserved, but our examination of the minutes of court shows error requiring a reversal of the conviction and sentence. C.Cr.P. Art. 920(2).
The defendant "present in Court without counsel", was arraigned on September 18, 1972, and pleaded not guilty. Trial was set for September 25 at the request of the defendant in order to afford him time in which to secure an attorney. On September 25 the case was continued on motion of the State to October 20. On this last date, when the case came on for trial, "the defendant [was] present in Court without counsel". After testimony was heard and evidence presented, the judge found the defendant guilty as charged and imposed a sentence of fine and imprisonment.
Nowhere in the minutes is there any mention that defendant had been informed of his right to counsel and had waived that right. It is well settled that there must be an affirmative showing that counsel was offered and knowingly waived.[*] Our Code of Criminal Procedure Article 514 provides: "The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel." According to the Official Revision Comment, this article is based on the rule stated in State v. Youchunas, 187 La. 281, 174 So. 356 (1937). The crime in Youchunas was a felony, and to date it has not been the practice in this state to afford a person charged with a misdemeanor counsel as a matter of right. State v. Angelo, 251 La. 250, 203 So.2d 710 (1967); State v. Rockeymore, 253 La. 101, 216 So.2d 828, fn. 1 (1968).
However, under the recent United States Supreme Court decision in Argersinger *775 v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), we must change our practice in respect to misdemeanors which may carry a prison sentence and must afford an accused charged with such a misdemeanor the same rights in regard to counsel afforded a defendant on trial for a felony. In Argersinger the court said:
"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Fox v. City of Bellevue, 407 U.S. 918, 92 S.Ct. 2464, 32 L.Ed.2d 804 (1972); Wright v. Town of Wood, 407 U.S. 918, 92 S.Ct. 2465, 32 L.Ed.2d 804 (1972); see also James v. Strange, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600, fn. 24 (1972).
Since the defendant in the present case was given a prison sentence and since the minutes show that he did not have counsel and do not show that he was informed of his right to counsel and knowingly waived that right, we must, under our Article 514 and the holding in Argersinger, reverse the conviction and sentence.
The conviction and sentence are reversed, and the case is remanded to the City Court of Pineville.
HAMLIN, Chief Justice (dissenting):
I respectfully dissent from the majority opinion. I do not think that this prosecution requires the application of Article 514 of the Code of Criminal Procedure which provides that the minutes of court must show either that the defendant was represented by counsel or that he was informed by the court of his right to court-appointed counsel. I do not believe that a defendant who commits deliberate acts of neglect should be allowed to take advantage of the technicalities of the law as written and interpreted today.
By a Louisiana Uniform Traffic Ticket & Complaint, filed September 18, 1972, defendant was charged with a violation of LSA-R.S. 14:98, "Under the Influence," on September 13, 1972 at 10:40 p. m. in the City of Pineville, Louisiana.[1]
On September 18, 1972, the matter came up for hearing in the Pineville City Court; the defendant was arraigned and entered a plea of not guilty to the charge. Trial date was set for September 25, 1972, at the request of the defendant in order to afford him time in which to secure an attorney. On September 25, 1972, the State entered a motion for continuance until October 20, 1972, which was granted.
The cause came up for trial on October 20, 1972, according to schedule. Present were the attorney for the State and the defendant, who was not represented by counsel. Evidence was presented, and testimony was heard; the trial court pronounced the instant judgment from which the defendant herein appeals. His Per Curiam recites in part:
"The State called as witnesses, Assistant Chief Paul McLain, Captain George Lewis, and Officers Johnny Martin and Charles DeWilde. The State having presented said witnesses, rested its case. The defendant testified in his own behalf, and rested his case.
*776 "* * *
"Officers Johnny Martin and Charles DeWilde, on regular patrol duty, observed the erratic driving of the defendant. He was veering from side to side of the road, and several times crossed the center-line of the road. The defendant's vehicle was stopped and the condition of the defendant was observed by the officers. At this time an additional patrol car was called to the scene.
"Assistant Chief Paul McLain and Captain George Lewis were in the patrol car that answered the call for assistance. Assistant Chief Paul McLain, Captain George Lewis, and Officers Johnny Martin and Charles DeWilde all testified as to the condition of the defendant. His clothing was in disarray, his eyes were bloodshot, his gait was unsteady, and he appeared to have difficulty in moving his limbs. In addition, there was a pungent and peculiar odor in the vehicle of the defendant, and particularly about the defendant's person. The odor was discovered to be emanating from a buckle worn by the defendant. The defendant was requested to remove the belt and buckle, and the buckle was discovered to be a small pipe constructed in a manner to be worn as a buckle on a belt. The odor was observed to be intense in the bowl of the pipe.
"Assistant Chief Paul McLain testified that the report from the Federal Bureau of Investigation Laboratory stated a positive identification of marijuana from the residue found in the bowl of the pipe.
"The defendant stated that the pipe was his property, and had been given to him by a friend in California, but that he could not account for the presence of marijuana in the bowl of the pipe.
"Based on the testimony of the four police officers, as to the physical condition of the defendant; the material evidence presented; it is the judgment of this Court that the defendant is guilty as charged."
Defendant reserved no bills of exceptions to the rulings of the trial judge. After judgment was pronounced, defendant employed counsel, and on October 22, 1972, two days after trial, a motion for a suspensive appeal was filed and granted, bail being posted pending a final judgment on appeal.
Herein, counsel for the defendant urge in part that the trial court erred:
"1. In compelling the defendant to go to trial without counsel, absent a knowing and intelligent waiver of the right to counsel, in a case in which the Court ultimately sentenced the defendant to a mandatory term of ninety days in the Parish Prison plus a fine of $400.00, and costs, and a possible additional ninety days in default of the payment of the fine and costs."
A misdemeanor is a crime other than a felony; a felony is a crime for which the offender may be sentenced to hard labor. LSA-R.S. 14:2.
LSA-R.S. 14:98 supra provides for a penalty of imprisonment in the parish prisonnot at hard labor. Defendant was charged under LSA-R.S. 14:98; he was, therefore, charged with a misdemeanor.
In Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, the United States Supreme Court held: "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." I interpret the Court's decision to hold that where a defendant charged with a misdemeanor knowingly and intelligently waives counsel and is found guilty, he may be imprisoned for such offense.
On September 18, 1972, defendant appeared in the trial court and requested time for the purpose of securing the services of counsel. He was intelligent and knew that he was entitled to counsel; he wanted counsel at the time he made his request *777 and wanted time in which to employ such. He was granted time. There is no proof offered that defendant was indigent or a pauper and could not pay for private counsel.
One month after September 18, 1972, on October 20, 1972, defendant appeared for trial without counsel. The per curiam of the trial judge states that defendant was not represented by counsel; the minutes of court contain a like statement. There is no mention as to any discussion with respect to counsel. I must presume that the usual formalities occurred, and that both the State and defendant said that they were ready for trial. I must also presume that defendant did not desire counsel or he would have appeared with counsel; he appears herein represented by counsel which, as stated supra, he employed two days after trial. Such actions cannot be those of an unknowing and unintelligent person. I conclude that defendant knowingly and intelligently waived his right to counsel at the time of trial and cannot now be heard to complain. The Argersinger case supra is not controlling of this controversy.
The record does not contain the evidence adduced at trial. I must accept as true the trial judge's per curiam which recites that there was evidence to the effect that defendant was under the influence of one of the substances enumerated in LSA-R.S. 14:98 supra at the time of the commission of the instant offense.
Counsel contends that the instant prosecution should have been conducted by the District Attorney for the Parish of Rapides and not by the Pineville City Attorney. There is no merit in counsel's contention; the matter has been recently settled in the case of State v. Bordelon, 263 La. 943, 269 So.2d 823, where it was held: "* * * This court has previously held that the statute simply establishes by general statewide law the functions of local government with regard to the prosecution of driving while intoxicated offenses. City of Baton Rouge v. Mahnken, 260 La. 1002, 257 So.2d 690 (1972). We find no provision in our State Constitution which forbids this. * * *" Counsel's contention is without merit.
Since no bills of exceptions were reserved by defendant during trial, matters other than those discussed supra cannot now be considered. See articles 841 and 920 of the Code of Criminal Procedure. I would affirm the conviction and sentence.
For the above reasons, I respectfully dissent.
SANDERS, Justice (dissenting).
As I understand it, the holding of the majority is as follows:
"[W]e must change our practice in respect to misdemeanors which may carry a prison sentence and must afford an accused charged with such a misdemeanor the same rights in regard to counsel afforded a defendant on trial for a felony". (Italics mine).
In my opinion, the holding extends Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) beyond its intendment.
In Argersinger, the United States Supreme Court held only that when a jail sentence was to be imposed (a predictive evaluation), counsel must be appointed for an indigent defendant. In the present case, as noted in the dissent of Chief Justice Hamlin, no showing was made that the defendant was indigent.
For these and the reasons fully assigned in the dissent of Chief Justice Hamlin, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by Mr.
Justice SANDERS.
NOTES
[*] See Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445 (1961); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1962); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972).
[1] "3. DRIVING OFFENSES

"Sec. 98. Operating a vehicle while intoxicated
"A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
"* * *" LSA-R.S. 14:98.