**Gene David CLAY, Petitioner,**

v.

**Walter M. RIDDLE, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 75–C–2–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Feb. 20, 1975.

Henry W. McLaughlin, III, McLaughlin & McLaughlin, Halifax, Va., for petitioner.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Gene David Clay, petitioner, has filed a petition for writ of habeas corpus alleging that the introduction into evidence at his trial of testimony by the arresting officer as to an incriminating statement made by petitioner was in violation of the Fifth and Sixth Amendments as set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The petitioner is being detained pursuant to a conviction in the Circuit Court of Halifax County of September 11, 1973, wherein he received a sentence of twelve (12) months. The conviction was for the felonious operation of a motor vehicle upon the public highways of Virginia after having been declared an habitual offender. Respondent has filed a motion to dismiss in which he acknowledges that petitioner has exhausted his state remedies in that a writ of error was denied by the Supreme Court of Virginia on May 7, 1974, and a petition for writ of certiorari was denied by the United States Supreme Court on December 24, 1974.

The incriminating statement which petitioner alleges violated his Fifth and Sixth Amendment rights as set forth in *Miranda*, supra, was to the effect that he was the operator of a motor vehicle which had been involved in a traffic examination. The petitioner was asked if he was the driver of the vehicle, without being warned of his right to remain silent or his right to have counsel. The petitioner, without these warnings, admitted that he was the driver.

In *Miranda*, supra, the Supreme Court qualified its general holding to the effect that:

This Court, while protecting individual rights, has always given ample latitude to law enforcement agencies in the legitimate exercise of their duties. The limits we have placed on the interrogation process should not constitute an undue influence with a prop-

er system of law enforcement. As we have noted, our decision does not in any way preclude police from carrying out their traditional investigatory functions. (384 U.S. at 481, 86 S.Ct. at 1631).

This court, in the absence of a contrary decision, holds that the required warnings announced in *Miranda*, supra, do not apply to offenses of so common and minor a nature as a motor vehicle violation. In State v. Zucconi, 93 N.J.Super. 380, 226 A.2d 16 (1967), the New Jersey Court held that:

> █t seems to us that the police practices described in Miranda as reasons for the adoption of the rules therein laid down have no pertinence to motor vehicle and similar minor cases. Therefore, until the Supreme Court says otherwise, we think we should assume, and we do believe, that its treatment of such cases as the one at bar, would be based on what is practical and possible, and on the historic difference between such offenses and crimes.

The New Jersey Court concluded that *Miranda* did not apply to motor vehicle violations.

█ In the case at bar the police questioning was solely for the purpose of an investigation of a motor vehicle violation. Only subsequent thereto did it develop that petitioner had violated a more serious law and as such is the case, this court holds that the initial failure of the police officer to advise petitioner of his "Miranda" rights in no way violated his constitutional protections. Therefore, the court orders the petition dismissed and stricken from the docket.

The petitioner is advised that he may appeal this opinion and judgment to the United States Court of Appeals for the Fourth Circuit within thirty (30) days.

The clerk is directed to send a certified copy of this opinion and order to counsel for respondent and to petitioner.