Gene David CLAY, Appellant,

v.

Walter M. RIDDLE, Superintendent, Virginia State Penitentiary, Appellee.

No. 75–2363.

United States Court of Appeals, Fourth Circuit.

Argued April 9, 1976.

Decided Sept. 17, 1976.

Henry W. McLaughlin, III, Halifax, Va. ·[court-appointed counsel] (Henry W. McLaughlin, Jr., McLaughlin & McLaughlin, Halifax, Va., on brief) for appellant.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va. (Andrew P. Miller, Atty. Gen., Richmond, Va., on brief), for appellee.

Before BOREMAN and BRYAN, Senior Circuit Judges, and BUTZNER, Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

In habeas corpus appellant, Gene David Clay, prayed vacation of and release from a conviction for driving an automobile while prohibited as an habitual offender to do so, a *felony* under the State law, Code of Virginia, 1950, as amended, §§ 46.1–387.2, –387.6 and –387.8. His petition alleged that at his trial critical incriminating evidence was admitted contrary to the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Respondent-appellee Riddle, Superintendent of the penitentiary, denied illegality, explaining that while such testimony was introduced, it consisted only of Clay's statement to the officer, who had arrested him for driving an automobile while intoxicated, that he was the driver in the one-car, one-person accident. We affirm the District Court's refusal of the writ. 391 F.Supp. 1049 (W.D.Va.1975).

The antecedent facts are these: On the afternoon of April 25, 1972 in Halifax County, Virginia, a Sheriff's Deputy answering a report of an automobile accident, saw a 1970 green Ford off the road, down an enbankment. He found Clay lying on the ground about two-tenths of a mile from the car and waving a gun at a State Trooper. The Deputy and other Troopers persuaded Clay to surrender, handcuffed him and arrested him, on a charge of driving while under the influence of alcohol, a *misdemeanor,* Code of Va., 1950, as amended, §§ 18.1–54 and –55.

While accompanying him in a police car to the hospital for a breathtest, Trooper Jackson without prior *Miranda* warnings inquired of Clay as to his identity and the circumstances of the accident. Upon giving his name Clay said that "the car just got away from [me]", without further involving himself. Confessedly, Clay has been declared an "habitual offender" within the State statute, forbidden to drive on the highway and thus had committed a felony. However, the Trooper was not informed of Clay's status in this regard, and first learned of it after Clay was placed in jail, at which time he was advised of his *Miranda* rights and charged with violation of the statute.

Over his objection at trial, Clay's statement that he was the driver was allowed in evidence. The jury found him guilty of violating the habitual offender statute and fixed his punishment at imprisonment for one year. This term has been served out but, as he does here, Clay may still test the validity of his conviction by habeas corpus. *Carafas v. LaVallee,* 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

I.

A.

Pervading our conclusion throughout is the *Miranda* admonition:

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. [Citations omitted.] General on-the-scene questioning as to facts surrounding a crime . . . is not affected by our holding." 384 U.S. at 477, 86 S.Ct. at 1629.

B.

In this vein, it is noteworthy that the unlawful incident was a commonplace event—a traffic offense—a breach of law to which we believe the Supreme Court's decision does not extend. This circumstance alone—not that the misconduct was a misdemeanor as to which *Miranda* has been said to be inapposite—is the basis of our present holding that *Miranda* warnings were not required to justify reception of Clay's acknowledgment that he was driving the car. True, he was handcuffed but this did not increase the gravity of the arrest offense. He was restrained as a precaution against execution of his pistol threats.

Authorities both directly and indirectly disavow the pertinence of *Miranda* in the circumstances here. In selecting the precedents, we have set apart for the nonce those that hold broadly that *Miranda* is impertinent to misdemeanors. Also for the moment we have bypassed as irrelevant those

decisions which apply *Miranda* in nonfelony cases where the statements of the accused were not made while in custody. In short our concern at once is for decisions with fact situations peculiarly like those at hand, i. e., answers of the defendants charged with traffic offenses and in custody at the time.

In this choice, we begin with *State v. Neal,* Mo., 476 S.W.2d 547, 552 (1972). There the defendant was charged with operating a motor vehicle while in an intoxicated condition. He was put under arrest by a State Trooper, and shortly thereafter was asked if he had been driving the vehicle. His affirmative response was received in evidence at trial despite his protest based on the *Miranda* rule. In sustaining the admission, the Court, on in banc, said:

". . . Although there are not any large number of cases we think it may be safely said that the current weight of authority is to the effect that the *Miranda* warnings are not required before a driver may be questioned in cases involving motor vehicle offenses. Some of the cases have adopted the rule that the warnings need not be given in any misdemeanor case. We have concluded that we need not consider so broad a question. Our decision will be restricted to the question as to the necessity of such warnings in only those misdemeanor offenses arising from the operation of a motor vehicle.

"We have the view and accordingly rule that the *Miranda* warnings need not be given as a prerequisite to testimony as to admissions made to investigative officers by persons involved in motor vehicle offenses, regardless of whether the questions are asked before or after the arrest."

Thereafter the Court comprehensively discusses the same or similar announcements in other jurisdictions. Again, in *State of New Jersey v. Macuk,* 57 N.J. 1, 268 A.2d 1, 9 (1970), the appellant had been convicted of driving an automobile while intoxicated. Interviewed on the porch of his home near the indications of an automobile accident,

he stated that he had been the driver of the car. Whereupon he was asked to go to police headquarters, but first placed under arrest for "drinking-driving". Subjected to further questions, he repeated what he had previously said. On appeal the issue was whether the subsequent questioning at police headquarters violated *Miranda.* On this inquiry, the Court said:

". . . Now, with the problem squarely before us, we are of the opinion that, in view of the absence of any indication to the contrary by the United States Supreme Court, the rules of *Miranda* should be held inapplicable to all motor vehicle violations."

The opinion expansively discoursed upon this conclusion, with full citation and sound reason underpinning its view.

Generally supportive of the asserted proposition is the answer to a certified question in *State v. Bliss,* Del.Supr., 238 A.2d 848 (1968). There a police officer had stopped the defendant on suspicion of driving an automobile while intoxicated. He was taken in a patrol wagon to police headquarters and advised of his *Miranda* right: that if he could not afford an attorney one would be appointed for him. Nevertheless, he was questioned and he acceded to various physical tests to determine how much he had had to drink. When error was assigned to his conviction for the admission of his answers, the appellate court stated unequivocally:

". . . (1) we do not believe the *Miranda* rule applies to this case . . . ."

For instances of rejection of the application of *Miranda* to traffic offenses based on the broad holding that it does not apply to misdemeanor charges, see: *State v. Gabrielson,* Iowa, 192 N.W.2d 792 (1971); *State v. Pyle,* 19 Ohio St.2d 64, 249 N.E.2d 826 (1969); *Capler v. City of Greenville,* Miss., 207 So.2d 339, cert. denied, 392 U.S. 941, 88 S.Ct. 2323, 20 L.Ed.2d 1403 (1968); *State v. Angelo,* 251 La. 250, 203 So.2d 710 (1967); 31 A.L.R.3d 579, 692; and 25 A.L.R.3d 1081–86. In neither phase of this discussion have we found significant Federal decisions holding against the views herein expressed.

## II.

■ Argument for the contrary disposition of this case is couched in this way: that the offense—the traffic transgression—was the inception of the felony prosecution, indeed an early step in it, and the admission of testimony was, therefore, governed by the *Miranda* restrictions. This contention, however, will not stand a hard look.

Relevancy and competency of proof, of course, must be judged upon the facts of the occasion in which the evidence emerges. Here since the challenged statement arose in the environs of the unlawful highway operation of an automobile, its stature is rated on that measure. Those circumstances mold its character permanently. When lifted out of the milieu of its origin, obviously the initial character as a declaration in a traffic case is retained.

No actual coercion of the appellant Clay was evident, nor was any constructive undue influence existent, to taint his answer to the Trooper's question. In fine, the admission of this testimony did not infringe his *Miranda* privileges.

Affirmed.

BUTZNER, Circuit Judge (dissenting):

This case does not involve a routine, on-the-scene investigation of a traffic accident. The defendant was held at gun point, disarmed, and handcuffed. The police questioned him in a police car, while he was still in handcuffs, without giving him the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Under these circumstances, I believe that the statements obtained by the police were not admissible at his trial.

I agree with my brothers that the police need not give the warnings specified in *Miranda* when they conduct a routine, on-the-street investigation of a traffic offense, even though the defendant is subsequently charged with a felony. In contrast, when a defendant is taken into custody for interrogation about the traffic offense, the *Miranda* warnings must be given. The need for the warnings is not determined by the nature of the offense; it is determined by the nature of the interrogation. Both the plain language of *Miranda* and soundly-reasoned state and federal cases sustain these propositions.

In *Miranda,* the Supreme Court held that the prosecution may not use statements obtained from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. The Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444, 86 S.Ct. at 1612. Lest its rule be misapplied, the Court added: "Our decision is not intended to hamper the traditional function of police officers in investigating crime. . . . General on-the-scene questioning as to facts surrounding a crime . . . is not affected by our holding. . . . In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present." 384 U.S. at 477–478, 86 S.Ct. at 1630.

We drew the distinction between on-the-scene interrogation and custodial investigation nearly ten years ago. In *United States v. Gibson,* 392 F.2d 373, 376 (4th Cir. 1968), we held that a police officer need not preface a brief sidewalk interrogation about the ownership of a car with the *Miranda* warnings. At the same time, we cautioned: " 'Custodial interrogation' certainly includes all station-house or police-car questioning initiated by the police, for there the 'potentiality for compulsion' is obvious." 392 F.2d at 376.

The principles expressed in *Gibson* have been applied frequently by other courts. For example, faced with facts similar in many respects to those in the case at bar, the court in *United States v. Hatchel,* 329 F.Supp. 113, 117 (D.Mass.1971), admitted testimony about the defendant's on-the-scene statements when he was stopped for a traffic violation. It excluded, however, the

**460**

defendant's subsequent statements, drawing the line between the routine investigation of a traffic offense and a custodial interrogation, as follows: "[N]o compelling atmosphere or coercive influences were brought to bear upon defendant until [the police officer] pulled his gun and arrested the defendant. When defendant was arrested, handcuffed, and put into the police car, the circumstances changed dramatically." 329 F.Supp. at 117. Similarly, a number of other cases, involving interrogation initiated as a result of traffic offenses, determine the admissibility of the defendant's statements by the nature of the interrogation rather than the nature of the crime. *See, e. g., U.S. v. LeQuire,* 424 F.2d 341, 343–44 (5th Cir. 1970); *U.S. v. Chadwick,* 415 F.2d 167, 173 (10th Cir. 1969); *Lowe v. U.S.,* 407 F.2d 1391, 1394 (9th Cir. 1969); *Allen v. U.S.,* 129 U.S.App.D.C. 61, 390 F.2d 476, 478–79 (1968); *State v. Lawson,* 285 N.C. 320, 324, 204 S.E.2d 843, 846 (1974); *State v. Darnell,* 8 Wash.App. 627, 508 P.2d 613, 615, *cert. denied,* 414 U.S. 1112, 94 S.Ct. 842, 38 L.Ed.2d 739 (1973).

I readily concede that several cases support the prosecution's argument that *Miranda* does not extend to traffic violations regardless of the circumstances under which the interrogation takes place. I am not persuaded that we should follow these cases. They justify their position in part by emphasizing the triviality of the offense, an argument that is inapplicable to felonies. Furthermore, the three cases cited to exemplify the rejection of *Miranda* dealt with statements that might well have been admissible under *Miranda.* For this reason, their precedential value is limited. In *State v. Neal,* 476 S.W.2d 547, 552 (Mo.1972), the evidence was clearly admissible because the questioning was conducted first, while the defendant was sitting in his automobile, and later, while standing beside it. In *State v. Macuk,* 57 N.J. 1, 268 A.2d 1, 9 (1970) and *State v. Bliss,* 238 A.2d 848, 850 (Del.Supr.1968), each court coupled its rejection of the *Miranda* requirement with the observation that the admission of the defendant's statement was probably harmless error.

Because the need for giving the *Miranda* warnings should be determined by the nature of the interrogation, not by the nature of the offense, I would reverse the judgment of the district court.