163 N.J. Super. 439 (1978)
395 A.2d 211
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GREGORY K. LEWIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1978.
Decided November 15, 1978.
*440 Before Judges ALLCORN and BOTTER.
Mr. Julio M. Fuentes, attorney for appellant.
Mr. John J. Degnan, Attorney General, attorney for respondent (Ms. Susan W. Sciacca, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
The defendant appeals his conviction of the offense of causing death by careless and heedless operation of an automobile, in violation of N.J.S.A. 2A:113-9, entered upon a jury verdict.
Defendant was arrested for driving a vehicle while under the influence of intoxicating liquor, following an accident in which defendant's vehicle struck two pedestrians. During the police investigation at the scene and at police headquarters, and before defendant was given any Miranda warnings, he made certain statements to the police concerning the circumstances surrounding the occurrence of the accident, including his consumption of alcohol prior to the accident. Subsequent to the making of said statements, one *441 of the pedestrians died as a result of the injuries he suffered and, thereafter, defendant was charged with the present criminal offense. At the criminal trial defendant's statements were admitted into evidence by the trial judge. Defendant contends that the statements were not admissible because they were not preceded by a notice or warning of his rights.
In essence, defendant urges that the statements should not have been admitted against him, since to do so was in violation of his rights as laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The law in New Jersey is plain that Miranda warnings need not be given to a person arrested for or charged with a violation of the motor vehicle laws such as drunken driving, before investigatory questioning of him. State v. Macuk, 57 N.J. 1 (1970). In short, "the rules of Miranda should be held inapplicable to all motor vehicle violations," Macuk at 16, and statements obtained from defendant are admissible against him in prosecutions for such motor vehicle violations.
Here, of course, the statements were offered and admitted into evidence in the prosecution of a criminal offense arising out of the accident. This circumstance, however, affects neither the validity nor the admissibility into evidence of the statements. If, in the context of the circumstances attendant upon the making of the statements, the statements are valid and admissible, without Miranda warnings, in a prosecution of the charge as to which they were taken, they retain their valid character and are equally admissible in a subsequent prosecution of a criminal offense. As well stated in Clay v. Riddle, 541 F.2d 456 (4 Cir.1976). in addressing a very similar situation:
* * * [S]ince the challenged statement arose in the environs of the unlawful highway operation of an automobile, its statute is rated on that measure. Those circumstances mold its character permanently. When lifted out of the milieu of its origin, obviously the initial character as a declaration in a traffic case is retained. [at 459] *442 Accord, People v. Tate, 45 Ill.2d 540, 259 N.E.2d 791 (Sup. Ct. 1970), cert. den. 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971).
Defendant also contends that his sentence was excessive. The contention is clearly without merit. R. 2:11-3(e)(2).
Affirmed.