No. 78–1836. LEWIN *v.* NEW JERSEY. Super. Ct. N. J. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN and MR. JUSTICE STEWART join, dissenting.

I dissent from the denial of certiorari. The question in this case is whether the requirements of *Miranda* v. *Arizona,* 384 U. S. 436 (1966), apply to police interrogations of persons arrested for motor vehicle violations.

At the scene of an automobile accident, petitioner was arrested for operating a motor vehicle while under the influence of liquor. Petitioner was taken to police headquarters where he was questioned at length before being given *Miranda* warnings. Petitioner subsequently was charged with the crime of causing death by heedless and careless operation of an automobile. At trial the prosecution introduced into evidence statements made by petitioner before he was given *Miranda* warnings. Petitioner was convicted and sentenced to a 1-year term in county jail.

The Appellate Division of the Superior Court of New Jersey affirmed petitioner's conviction. Citing *State* v. *Macuk,* 57 N. J. 1, 268 A. 2d 1 (1970), the court held that "[t]he law in

New Jersey is plain that *Miranda* warnings need not be given to a person arrested for or charged with a violation of the motor vehicle laws such as drunken driving, before investigatory questioning of him." 163 N. J. Super. 439, 441, 395 A. 2d 211, 212 (1978).

Following the New Jersey rule, a number of other courts have held that *Miranda* warnings need not be given to persons arrested for traffic offenses or other misdemeanors. See, *e. g., Clay* v. *Riddle,* 541 F. 2d 456 (CA4 1976); *State* v. *Neal,* 476 S. W. 2d 547 (Mo. 1972); *State* v. *Gabrielson,* 192 N. W. 2d 792 (Iowa 1971); *State* v. *Pyle,* 19 Ohio St. 2d 64, 249 N. E. 2d 826 (1969), cert. denied, 396 U. S. 1007 (1970). Other courts have held to the contrary, relying on the language in *Miranda,* which was reaffirmed in *Orozco* v. *Texas,* 394 U. S. 324, 327 (1969), "that the warnings were required when the person being interrogated was 'in custody at the station *or otherwise deprived of his freedom of action in any significant way.'* 384 U. S., at 477." (Emphasis in original.) See, *e. g., State* v. *Lawson,* 285 N. C. 320, 204 S. E. 2d 843 (1974); *State* v. *Darnell,* 8 Wash. App. 627, 508 P. 2d 613, cert. denied, 414 U. S. 1112 (1973); *Campbell* v. *Superior Court,* 106 Ariz. 542, 479 P. 2d 685 (1971).

I would grant the petition for certiorari to resolve this conflict.