**William H. KING, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 5, 1968.

Stanley C. Lowicki of O'Donnell, Hughes & Lowicki, Wilmington, for defendant below, appellant.

Jay Paul James, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The basic factual background pertinent to this appeal appears in King v. State, Del., 212 A.2d 722 (1965).

Upon application made under Superior Court Criminal Rule 35(a), Del.C.Ann., the Superior Court held a special hearing upon the question of voluntariness of the statement of the defendant presented to the jury by tape recording, and also admitted in evidence in written transcript form, at his trial on June 25, 1963. The Superior Court concluded that, at the trial, the defendant effectively waived any right he may have had to object to the admission of the statement. The Superior Court further found, as a matter of fact, that the statement was not coerced and that it was voluntary; and the Court concluded that the statement would have been admissible in evidence even if objection had been properly made.

The record at the trial is clear: the defendant was represented by experienced and capable counsel who expressly waived "any further foundation for offering the tape"; and in response to queries by the Trial Judge, defense counsel repeatedly stated that there was no objection to the admission of the tape and the transcript thereof.[1] There was, therefore, an expressed and effective waiver of any further presentation by the State as to the issue of voluntariness. This is far more, of course, than the mere absence of an objection. Under the circumstances of this case, the State had no further burden as to the issue of voluntariness. We are not required to rule on the question, posed by the defendant, as to whether the State has the burden of proof regarding voluntariness in the absence of an objection. Compare Wilson v. State, 10 Terry, 37, 109 A.2d 381, 387, f. n. 1 (1954); III Wigmore, Evidence, § 860. The instant case is not a case of silence and failure to object; this is, rather, a case of an affirmative waiver.

The defendant relies upon People v. Spencer, Cal., 57 Cal.Rptr. 163, 424 P.2d 715 (1967) and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Both of those cases involved a mere failure to object; they are, therefore, inapposite.

We have reviewed the Superior Court's finding of fact that the defendant's statement was not coerced. There is substantial evidence to support the finding; it will not be disturbed.

The defendant's efforts to reopen the Escobedo[2] and Miranda[3] facets of this case are without merit. This case is ruled

---

1. It is noted that present counsel did not represent the defendant at trial.

2. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

3. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

by Brown v. State, Del., 221 A.2d 609 (1966); Parson v. State, Del., 222 A.2d 326 (1966); Priest v. State, Del., 227 A.2d 576 (1967). The case at bar was tried on June 25, 1963. *Escobedo* applies only to cases in which the trial began after June 22, 1964; *Miranda* applies only to cases in which the trial began after June 16, 1966. Therefore, neither *Escobedo* nor *Miranda* may be invoked successfully here.

\* \* \*

No error in the judgment below has been demonstrated. It is affirmed.

