IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OSCAR TUCKER, | § | |
| | § | No. 150, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. K2211005937 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 6, 2024
Decided: January 23, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

## **ORDER**

On this 23rd day of January 2025, after careful consideration of the parties' briefs and the record on appeal, and after oral argument, it appears to the Court that:

(1)   A jury convicted the appellant, Oscar Tucker, of one count of continuous sexual abuse of a child and three counts of unlawful sexual contact. The convictions stemmed from years of sexual abuse that Tucker committed against his wife's minor daughter. In the six-month period between the grand jury's original indictment of Tucker and his trial in the Superior Court, the indictment was modified four times, twice by re-indictment and twice by amendment during Tucker's trial. Thus, the jury's verdict was returned on the fifth iteration of Tucker's indictment.

(2)     Tucker challenges his convictions on appeal based primarily on the serial errors in the indictment.  As explained below, we have concluded that the manner in which the State continuously—and, in some instances erroneously—revised the indictment was sufficiently prejudicial as to warrant reversing Tucker's three unlawful-sexual-contact convictions.  Because that prejudice did not extend to the continuous-sexual-abuse count, we affirm that conviction.

(3)     In 1996, Tucker met and married his wife.[1]  After the couple married, they moved into a home in Dover, Delaware with Tucker's wife's four children.[2] When the family first started to reside together, one of the children—T.A.—was twelve years old.[3]  T.A. testified that, during the time she lived in the home, Tucker touched her vaginal area and "kiss[ed] her breasts" on multiple occasions.[4]  He also "rubb[ed] his erect penis" and "ejaculated" on her "numerous" times.[5]  The alleged abuse began when T.A. was twelve or thirteen years old and continued until she was in tenth or eleventh grade.[6]

---

[1] App. to Opening Br. at A159–61.

[2] *Id*. at A143–45.

[3] *Id*. at A144–45.  T.A.'s birthday is April 21, 1984.  *Id*. at A159.

[4] *Id*. at A145–47.

[5] *Id.* at A148.

[6] *Id.*

2

(4)     Decades later, T.A. reported the sexual abuse to the police.  Tucker was arrested and a New Castle County grand jury returned the initial indictment in April 2023.[7] It contained seven counts, which can be summarized as follows:

Count 1:  Continuous sexual abuse of a child in violation of 11 *Del. C.* § 778(a), alleging that between September 1, 1996 through April 21, 1998, Tucker intentionally engaged in three or more acts of sexual conduct with T.A., who was under the age of fourteen, and the acts occurred over a period of time greater than three months in duration.

Count 2:  Rape in the fourth degree in violation of 11 *Del. C.* § 770(a)(3), alleging that on or about September 1, 1998, Tucker intentionally engaged in sexual penetration with T.A., who had not yet reached her sixteenth birthday "and/or the penetration occurred without T.A.'s consent" by digitally penetrating T.A.'s vagina without her consent.

Count 3:  Unlawful sexual contact in the first degree in violation of 11 *Del. C.* § 769 (a)(3), alleging that, on or about September 1, 1996, Tucker had sexual contact with T.A, who had not yet reached her thirteenth birthday, by intentionally touching her vagina with his hand.

Counts 4 and 5 both charged unlawful sexual contact in the first degree and mirrored Count 3, except that Count 4 alleged that Tucker intentionally touched T.A.'s breasts with his lips and mouth, and Count 5 alleged that Tucker rubbed his erect penis on T.A.'s body until he ejaculated.[8]

Count 6:  Unlawful sexual contact in the second degree in violation of 11 *Del. C.* § 768, alleging that, on or about April 21, 1997, Tucker intentionally had sexual contact with T.A., who was less than eighteen years of age, by rubbing his erect penis on T.A.'s body until he ejaculated.

---

[7] *See* Opening Br. at 1.

[8] Count 3 and 4 allege that T.A. was 12 years old at the time of the offense.

Count 7 also charges Tucker with unlawful sexual contact in the second degree, and except for the date of the offense—under this count the date is on or about April 21, 1998—is identical to Count 6.

(5)     In June 2023, the State sought, and the grand jury returned, a "re-indictment," which revised the April indictment by stating in each of the seven counts that "[t]his count is not based upon repressed memories recovered through psychotherapy."[9]  Then, in July 2023, the State again sought, and the grand jury returned, another "re-indictment," this time identifying the offense charged under Count 2 as unlawful sexual penetration in the third degree, instead of rape in the fourth degree.[10]  The first-degree unlawful sexual contact charges in Counts Three, Four, and Five were also lowered to second-degree unlawful sexual contact.

(6)     Issues stemming from the errors in the indictment arose on the first day of trial.  During a plea-rejection colloquy, because of revisions to the Delaware Criminal Code's sexual-offense provisions in the nearly three decades since the charged offenses were allegedly committed, the State could not immediately determine the minimum mandatory sentence for the unlawful sexual penetration

---

[9] App. to Opening Br. at A6–8.  Although the parties do not address the import of the addition of this language, it appears to have been prompted by statute-of-limitations concerns.  In 2003, the General Assembly amended 11 *Del. C.* Section 205 to eliminate time limitations for sexual offenses, except for cases "based upon the memory of the victim that has been recovered through psychotherapy unless there is some evidence of the corpus delicti independent of such repressed memory."  11 *Del. C.* § 205, 74 Del. Laws, Ch. 56.

[10] App. to Opening Br. at A9–11.

charge.[11]  In another instance, the clerk began reading the charges from the April indictment until the State interrupted the reading underlying Count Two.[12]  After conducting a sidebar with the parties, the court gave the clerk the charges from the then-current indictment—the July indictment—to read.[13]

(7)     Similar issues arose the following day.  After counsel delivered their opening statements, the trial judge provided research to counsel describing the legislative history of the statute under which Tucker was charged with unlawful sexual penetration.[14]  The trial judge advised counsel that, in 1998, the General Assembly repealed the unlawful sexual penetration statute, effective September 9, 1998, and replaced it with a fourth-degree rape statute.[15]  Because the unlawful sexual penetration count alleged that Tucker committed digital penetration of the vagina "on or about the 1st day of September 1998"[16]—a date range that might include a date after September 9, 1998—the trial judge raised a concern about whether Count Two was properly charged.

---

[11] *Id*. at A23–25.

[12] *Id.* at A39.

[13] *Id.* at A39–41.

[14] *Id.* at A136–37.

[15] *Id.*; s*ee also* 71 Del. Laws, c. 285, §§ 10, 14 (1998) (replacing unlawful sexual penetration with fourth-degree rape); *see also* 11 *Del. C.* § 770 (Revisor's Note) ("Former §§ 770-772, concerning unlawful sexual penetration in the third, second, first degrees, were repealed by 71 Del. Laws, c. 285, § 10"); *see id* ("Section 29 of 71 Del. Laws, c. 285, provides: 'This act shall become effective 90 days after its enactment into law.' The act was signed by the Governor on June 11, 1998.").

[16] App. to Opening Br. at A9.

(8)  After reviewing the research provided by the trial judge, the State asked to amend the unlawful sexual penetration charge to second-degree unlawful sexual contact.  Defense counsel did not oppose the State's request, and the court allowed the amendment.[17]  This was the first of two amendments that occurred during trial.

(9)  The then-operative indictment contained one count of continuous sexual abuse of a child and six counts of second-degree unlawful sexual contact.[18]  But the errors from the April and July indictments carried over into the newly amended indictment, including the incorrectly stated statutory elements.

(10)  All the second-degree unlawful sexual contact counts misstated the age element of the offense.  Those counts tracked the current statute, as amended in 2009, stating that the victim must be "less than 18 years of age."[19]  But the dates given under those counts allege conduct occurring in 1996, 1997, and 1998.  During those years, the applicable version of the statute was 11 *Del. C.* § 768, as amended in 1995.[20]  Under the 1995 statute, an element of second-degree unlawful sexual contact was that the victim be "less than 16 years of age."[21]  The counts of second-

---

[17] *Id.* at A137–38.

[18] *Id.* at A12–14.

[19] 11 *Del. C.* § 768.

[20] 11 *Del. C.* § 768 (1995).

[21] *Id.*

6

degree unlawful sexual contact therefore should have stated that the victim must be "less than 16 years of age"—not eighteen.

(11) After the State's presentation of evidence, Tucker moved for a judgment of acquittal on Counts One, Two, and Seven, arguing that the State's evidence was legally insufficient to support a conviction by any reasonable jury.[22] Viewing the evidence in the light most favorable to the State, the Superior Court denied the motion.[23]

(12) During the prayer conference the next day and before closing arguments, the parties appeared to recognize the misstatements of law regarding the age element in the unlawful sexual contact counts. The State presented a new draft of the indictment to the trial judge, and explained that the unlawful sexual contact charges now state less than "16," and not less than "18" as the age element for the offense.[24] The State also advised the court and Tucker it was no longer prosecuting Counts Five, Six and Seven.

---

[22] App. to Opening Br. at A207–11.

[23] *Id.* at A214–16. In its ruling, the Court found that, as to the continuous sexual abuse charge, the State presented evidence that three or more acts of sexual conduct occurred over a three-month span when T.A. was less than fourteen. T.A. had testified that two acts of sexual conduct— touching of the vagina and kissing of the breasts—occurred when she was twelve years old, and that other acts occurred "numerous times," beginning when she was twelve or thirteen up through high school. *Id.* Based on this evidence, the Court denied the motion as to Count One—the continuous sexual abuse of a child charge. Based on the testimony that the sexual contact occurred numerous times up through high school—the Court also denied the motion as to Counts Two and Seven.

[24] *Id.* at A282–83.

(13)  Shortly thereafter, the State filed an amended indictment.[25]  The new indictment contained four charges—continuous sexual abuse of a child (Count One), and three counts of second-degree unlawful sexual contact (Counts Two, Three and Four).  Count Two stated that T.A. was less than "16," and not less than "18" as the age element.  But contrary to the discussions at the prayer conference, Counts Three and Four continued to misstate the age-element that the victim must be "less than eighteen years old."[26]  And now, for the first time, in the "to wit" clause, those counts stated that T.A. was "sixteen years old" when in prior versions it stated that she was twelve years old.[27]

(14)  Notwithstanding the ongoing errors in the indictment, the trial judge's jury instructions as given to the jury tracked the changes discussed at the prayer conference.  The trial judge read Counts Three and Four as stating that T.A. was twelve at the time of the alleged offenses.[28]  He also instructed the jury that it must find that T.A. was less than sixteen years of age when the alleged incidents occurred in order to convict Tucker of those counts.[29]

---

[25] *Id*. at A15–16.

[26] *Id*. at A16.

[27] *Id.*  The parties also changed the date range for the continuous sexual abuse of a child charge from April 21, 1984 to April 20, 1984 and counsel initialed the change on the final indictment in lieu of filing another amended indictment.

[28] *Id*. at A316–18.

[29] *Id.* at A319–22.

(15)  The jury returned a guilty verdict on all counts.[30]  The Superior Court sentenced Tucker to an aggregate of nine and a half years of incarceration followed by decreasing levels of probation.[31]

(16)  Tucker makes five claims on appeal.  *First*, he contends that the State did not prove that the unlawful sexual contact offenses were committed on the specific dates alleged in the final indictment and did not give Tucker adequate notice of his charges.[32]  *Second*, he argues that the trial court's instruction to the jury that exact dates and times are not essential elements of the charges created prejudicial jury confusion.  *Third*, Tucker claims that the errors in Counts Three and Four require reversal because those charges did not allege illegal conduct under the applicable versions of 11 *Del. C.* § 768.  *Fourth*, Tucker contends that the charge for the unlawful sexual penetration charge was a "nullity" due to the statute's repeal.[33]  Relatedly, Tucker asserts that the State improperly replaced the unlawful sexual penetration charge with second-degree unlawful sexual contact by amendment, when a new charge may only be made by re-indictment.  *And fifth*, Tucker argues that the doctrine of cumulative error requires reversal of all his convictions.

---

[30] *Id.* at A337.

[31] For the continuous sexual abuse of a child charge, he received eight years of incarceration, and for the unlawful sexual contact charges, an aggregate of one and a half years of incarceration.  Ex. A to Opening Br.

[32] This claim applies only to Counts Two, Three, and Four.  *See* Opening Br. at 3.

[33] *Id*. at 4.

(17) We first address the claims that relate to the errors in the indictments and their cumulative prejudicial effect. We then address the claim that the State charged Tucker under a repealed statute and attempted to correct that error by amending the indictment. We conclude by addressing Tucker's claim relating to the jury instruction.[34]

(18) Tucker argues that the State deprived him of his right to a "valid indictment" when it charged him under Counts Three and Four with an offense under the wrong version of the statute defining unlawful sexual contact in the second degree and alleged that the sexual contact occurred when T.A. was older than the statutory age range for that offense.[35] Because Tucker did not preserve this claim by making a timely objection, we review for plain error.

(19) For an error to be plain it must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[36] "The doctrine of plain error is limited to material defects which are apparent on the face of the record, which are basic, serious, and fundamental in their character, and which

---

[34] Because we find in Tucker's favor on the errors in the indictments, his first claim is moot and therefore we do not address it.

[35] Opening Br. at 21.

[36] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (citing *Dutton v. State,* 452 A.2d 127, 146 (Del. Super. 1982)).

10

clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[37]

(20) Delaware's Constitution enshrines the right to be prosecuted by indictment and not to be prosecuted for the same offense more than once.[38] An indictment should put a defendant on notice of the charges and "effectively bar subsequent prosecutions for the same offense."[39] Under Superior Court Criminal Rule 7, the indictment "shall be a plain, concise and definite statement of the essential facts constituting the offense charged . . . [and] shall state for each count the official or customary citation of the statutes, rule, regulation or other provision of law which the defendant is alleged . . . to have violated."[40] The rule provides further that "[t]he court may permit an indictment or an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."[41] "Error in the citation or its omission shall not be ground for dismissal of the indictment or information or

---

[37] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010) (internal quotations and citations omitted).

[38] DE CONST. Art 1, § 8.

[39] *Mayo v. State*, 458 A.2d 26, 27 (Del. 1983).

[40] Del. Super. Ct. Crim. R. 7(c)(1).

[41] Del. Super. Ct. Crim. R. 7(e).

for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice."[42]

(21) Here, the State failed to allege the correct elements under the operative version of the statute that defines the offense. Counts Three and Four alleged that Tucker had intentional sexual contact with T.A., "who was less than eighteen years of age," on or about September 1, 1996, when T.A. was "16 years old."[43] Under the version of the statute in effect at the time of the alleged misconduct—the 1995 version— unlawful sexual contact required intentional sexual conduct with a minor "*less than* 16 years of age."[44] But for Counts Three and Four, the State alleged that T.A. was sixteen years old at the time of the sexual acts. This contradicted prior versions of the indictment that stated that she was in fact under sixteen years old at the time (based on being twelve years old in 1996). This factual inconsistency was prone to cause confusion and impair the defendant's ability to devise a defense. Indeed, if T.A. was not less than sixteen years old at the time, as alleged in the final indictment, Counts Three and Four fail to allege that Tucker committed any crime.

(22) Despite these flaws, the trial judge limited the potential for prejudice by instructing the jury properly before it rendered its verdict. The trial judge

---

[42] Del. Super. Ct. Crim. R. 7(c)(2).

[43] App. to Opening Br. at A16.

[44] 11 *Del. C.* § 768 (1995) (emphasis added).

instructed the jury that it must find that T.A. was less than sixteen years old at the time of the alleged misconduct in order to convict Tucker of Counts Three and Four. He also stated that the State alleged that she was twelve-years old at the time of the alleged offenses as provided in previous versions of the indictment. He thus recited the correct version of the statute defining the offense and that the State alleged that T.A. was of an age within the scope of the offenses.

(23) Although we find that the trial judge's instructions limited the prejudice each individual error may have caused, cumulatively, the effect of the errors resulted in a denial of Tucker's right to a fair trial as to Counts Three and Four. "[F]or a claim of 'cumulative error' to succeed, it must identify multiple errors in the proceedings below."[45] Then, "the Court must weigh their cumulative effect and determine if, combined, they are 'prejudicial to substantial rights [so] as to jeopardize the fairness and integrity of the trial process.'"[46]

(24) The errors regarding the age element of the statutory offense ran through all re-indicted and amended versions of the indictment for Counts Three and Four. The State had several opportunities to correct the misstatements during trial after the court advised the State to make sure that it was identifying the correct

---

[45] *Owens v. State*, 301 A.3d 580, 595 (Del. 2023) (citing *Michaels v. State*, 970 A.2d 223, 231 (Del. 2009)).

[46] *Starling v. State*, 130 A.3d 316, 336 (Del. 2015) (alteration in original) (quoting *Hoskins v. State*, 102 A.3d 724, 735 (Del. 2014)).

versions of the statutory offense.[47]  When the State finally attempted to correct the

errors, it created new ones by alleging that T.A. was sixteen at the time of the alleged

[47] App. to Opening Br. at A129–30:

> The Court: Okay. Let me just ask counsel this, are there any other charges that are going to have a similar problem with as far as the statute was changed?
>
> The State: I don't believe so. I think the Contact Second remains stable, and I believe that the Continuous Sexual Abuse of a Child charge is similar, if not exactly the same.
>
> The Court: If there is any information different, please let the Court know.
>
> The State: I'll look into it.

*Id.* at A223–24:

> The Court: And then there is another issue that I've at least identified that I'm going to need to discuss with counsel. And that is that the definition of sexual contact changed in 1999. So I believe it has the current definition but not the previous definition.
>
> The State: I thought that might be the case. I hadn't had a chance to verify, but I got the old Code book. So we can hash that out at the prayer conference.

*Id.* at A282–83:

> The Court: So this one has only 4 counts, but Count 2 is the same as the one you gave me.
>
> The State: Just the age difference. I think it said 18, the new one says 16.
>
> The Court: That's right.
>
> The State: Okay. It has that in here already.
>
> The Court: Don't the other ones need to say 16, too?
>
> The State: Your honor, they do.
>
> The Court: Yeah, I'm looking at the old one. Okay. Sixteen, 16, 16, yeah, they're all fine. Okay. I'll put them away.

offenses. Given that the alleged conduct occurred decades ago, correctly alleging the victim's age under the version of the statute in effect at the time of the alleged misconduct was necessary to ensure that Tucker could present his defense and the jury found that his alleged misconduct satisfied the statutory elements. Because of the State's failure to correct these errors in prior versions of the indictment, and its creation of new ones so late in trial, we reverse Tucker's convictions on Counts Three and Four.

(25) Tucker also argues that the cumulative effect of the errors require reversal of Count One—the continuous sexual abuse of a child charge. We do not find, however, that any of the errors created substantial prejudice as to Count One. The only error that directly relates to Count One is a slight change to a date range. In previous versions of the indictment, the date range stated that the continuous sexual abuse of a child charge was "September 1, 1996—April 21, 1998."[48] On the end-date of this range, T.A. would have been fourteen. Because one of the elements of the continuous sexual abuse of a child charge required the minor to be less than fourteen, the parties agreed to shorten the end-date by one day.[49] Any prejudice from this error was de minimis. As to the other errors identified in Counts Two, Three and Four, Tucker does not explain, nor do we see, how they extend to Count One.

---

[48] *Id*. at A6, A9, A12, A15.

[49] Counsel initialed the change on the final indictment in lieu of filing another amended indictment.

(26) Next, Tucker argues that the change from unlawful sexual penetration to unlawful sexual contact in Count Two was a new charge that required re-indictment, not an amendment.[50] Superior Court Criminal Rule 7(e) provides that "the court may permit an indictment . . . to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."[51] Amendment is permitted "as to matters of form, but not as to matters of substance so long as 'no new, additional or different charge is made thereby and the accused will not otherwise suffer prejudice as to substantial rights.'"[52]

(27) Here, re-indictment was required. The State charged Tucker with an entirely different offense, replacing the unlawful sexual penetration charge with a second-degree unlawful sexual contact charge. The amendment occurred mid-trial, after the jury was informed of the unlawful sexual penetration charge both before and during opening statements.[53] Relatedly, the unlawful sexual penetration charge may not have been applicable given the closeness of the date of the alleged

---

[50] We do not find that Tucker waived this claim on appeal. Superior Court Criminal Rule 7(b) provides that a waiver of indictment may be made either "in writing or in open court." Del. Super. Ct. Crim. R. 7(b). There is no evidence in the record that counsel advised Tucker of his right to request re-indictment.

[51] Del. Super. Ct. Crim. R. 7(e).

[52] *Keller v. State*, 425 A.2d 152, 155 (Del. 1981) (quoting *State v. Blendt*, 120 A.2d 321, 324 (Del. Super. 1956)).

[53] App. to Opening Br. at A39–41, A124.

16

misconduct and the statute's repeal. Had the alleged misconduct taken place on or after September 9, 1998, the date the offense was repealed, the count of unlawful sexual penetration would not have been applicable.[54] By replacing a charge that may not have been applicable after a jury was empaneled and opening statements delivered, the State caused Tucker substantial prejudice. Tucker therefore prevails on this claim, and we reverse his conviction on Count Two.[55]

(28) Finally, Tucker contends that the trial judge's instruction to the jury that the exact dates and times are not essential elements of the charges caused prejudicial jury confusion. After reading the charges and elements to the jury, the trial judge instructed the jury that "the exact times and dates when the alleged crimes occurred are not essential elements of the charged offenses."[56] Tucker argues that this

---

[54] *See* 71 Del. Laws, c. 285, §§ 10, 14 (1998) (replacing unlawful sexual penetration with fourth-degree rape); *see also* 11 *Del. C.* § 770 (Revisor's Note) ("Former §§ 770-772, concerning unlawful sexual penetration in the third, second, first degrees, were repealed by 71 Del. Laws, c. 285, § 10"); *see id.* ("Section 29 of 71 Del. Laws, c. 285, provides: 'This act shall become effective 90 days after its enactment into law.' The act was signed by the Governor on June 11, 1998.").

[55] Our review of the record also does not give this Court confidence that the State gave due consideration to replacing the unlawful sexual penetration charge with second-degree unlawful sexual contact. After the trial judge advised the State of the repeal of the unlawful sexual penetration charge, the State quickly moved to drop the charge and replace it with the unlawful sexual contact offense without appearing to consider whether it was applying the proper statutory version of the offense. For example, the year in which the misconduct is alleged to have occurred in Count 2 (1998) is different from the years in the other unlawful sexual contact charges (Counts 3 and 4 – 1996). This rushed and sloppy approach to drafting the indictment pervaded throughout this action.

[56] App. to Opening Br. at A322.

17

instruction suggested to the jury that "the State was not strictly required to meet its burden as to the age element."[57] We disagree.

(29) Because Tucker did not make a timely objection to the court's instructions to the jury, we review for plain error.[58] Even if Tucker properly preserved this objection, the trial court correctly instructed the jury that the age of the victim was an element of the offense. When reciting the elements, the trial judge instructed the jury that the State must prove that the alleged victim was "less than 16 years of age at the time of the charged offense."[59] Furthermore, the instruction about the exact times and dates was a correct statement of law.[60] We therefore do not find that the instruction was confusing to the jury such that reversal is warranted.

(30) For the foregoing reasons, the convictions for Counts Two, Three and Four are reversed based on the errors related to the indictment.

---

[57] Opening Br. at 19.

[58] *Hopkins v. State*, 293 A.3d 145, 150 (Del. 2023); *see* Del. Super. Ct. Crim. R. 30 ("No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before or at a time set by the court immediately after the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection."). Defense counsel responded "No" when the court asked for any objections to the instructions. App. to Opening Br. at A284. Then, when the State requested that "dates" be added to the instruction that "[t]he exact times when the alleged crimes occurred are not essential elements of the charged offenses," defense counsel stated, "I don't have an objection." *Id.* at A285. Finally, defense counsel responded "No" after the Court asked for objections to the placement of the instruction. *Id.* at A286. Indeed, Tucker may have affirmatively waived an objection, precluding appellate review of the question. *Stevenson v. State*, 149 A.3d 505, 516 (Del. 2016) (citing *King v. State*, 239 A.2d 707, 709 (Del. 1968)).

[59] App. to Opening Br. at A321.

[60] *See Phipps v. State*, 1996 WL 145739, at *2 (Del. Feb 16, 1996); *Clark v. State*, 2006 WL 1186738, at *1 (Del. May 2, 2006).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED IN PART and REVERSED IN PART.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice